# UNITED STATES DISTRICT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**BRUCE MEYERS**;
**KALLIE ROESNER-MEYERS**;
and **EUGENIA CALOCASSIDES**,
  Plaintiffs,

v.

**VILLAGE OF OXFORD**, a Michigan
home-rule village;
**JOE YOUNG**, in his personal and official
Capacity as Village Manager of the Village
Of Oxford;
**SUE BOSSARDET**, in her personal and
Official capacity as President of the Village
Of Oxford; and
**MICHAEL SOLWOLD**, in his official
Capacity only as the Acting Police Chief of
The Village of Oxford;
**ROBERT CHARLES DAVIS**, in his
personal and official capacity as an
administrative officer (Village Attorney) of
The Village of Oxford,
  Defendants.

**Case No.: 17-cv-10623**
**Honorable Denise Page Hood**
**Magistrate Judge David R. Grand**

**DEFENDANTS'**
**RESPONSE**
**IN OPPOSITION**
**TO THE PLAINTIFFS'**
**MOTION TO DISQUALIFY**
**ATTORNEY**
**ROBERT CHARLES DAVIS**
**AND HIS LAW FIRM**
**AND**
**CERTIFICATE**
**OF SERVICE**

---

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI  48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Robert Charles Davis (P40155)
Attorney for Defendants
10 S. Main St., Ste. 401
Mt. Clemens, MI  48043
(586) 469-4300
rdavis@dbsattorneys.com

Carlito H. Young (P61683)
Laura Bailey brown (P79742)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
cyoung@jrsjlaw.com
lbrown@jrsjlaw.com

The Defendants for their Response In Opposition To The Plaintiffs' Motion To Disqualify Attorney Robert Charles Davis And His Law Firm rely upon their attached Brief in Support.

The Defendants hereby request that this Honorable Court enter an Order:

(I)     Denying the Plaintiffs' Motion to Disqualify Defendants' Counsel; and

(II)    Awarding the Defendants costs and attorney fees for having to respond to this Motion; and

(III)   Granting such other relief in favor of the Defendants as this Honorable Court deems just, equitable and appropriate under the circumstances presented.

By:   **/s/ Robert Charles Davis**
ROBERT CHARLES DAVIS (P40155)
Attorney For Defendants
10 S. Main St., Ste. 401
Mt. Clemens, MI  48043
(586) 469-4300

Dated:  March 31, 2017          (586) 469-4303 – Fax
rdavis@dbsattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

Robert Charles Davis states that, on March 31, 2017, he caused a copy of the **Defendants Response In Opposition To The Plaintiffs' Motion To Disqualify Attorney Robert Charles Davis And His Law Firm** to be electronically filed with this Court through the ECF system which will send notification to counsel of record.

By:  <u>**/s/ Robert Charles Davis**</u>
ROBERT CHARLES DAVIS (P40155)
Attorney For Defendants
10 S. Main St., Ste. 401
Mt. Clemens, MI 48043
(586) 469-4300
(586) 469-4303 – Fax
rdavis@dbsattorneys.com

Dated: March 31, 2017

**UNITED STATES DISTRICT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BRUCE MEYERS**;
**KALLIE ROESNER-MEYERS**;
and **EUGENIA CALOCASSIDES**,
     Plaintiffs,

v.

**VILLAGE OF OXFORD**, a Michigan
home-rule village;
**JOE YOUNG**, in his personal and official
Capacity as Village Manager of the Village
Of Oxford;
**SUE BOSSARDET**, in her personal and
Official capacity as President of the Village
Of Oxford; and
**MICHAEL SOLWOLD**, in his official
Capacity only as the Acting Police Chief of
The Village of Oxford;
**ROBERT CHARLES DAVIS**, in his
personal and official capacity as an
administrative officer (Village Attorney) of
The Village of Oxford,
     Defendants.

Case No.: 17-cv-10623
Honorable Denise Page Hood
Magistrate Judge David R. Grand

<u>DEFENDANTS' BRIEF</u>
<u>IN SUPPORT OF THEIR</u>
<u>RESPONSE</u>
<u>IN OPPOSITION</u>
<u>TO THE PLAINTIFFS'</u>
<u>MOTION TO DISQUALIFY</u>
<u>ATTORNEY</u>
<u>ROBERT CHARLES DAVIS</u>
<u>AND HIS LAW FIRM</u>
<u>AND</u>
<u>CERTIFICATE</u>
<u>OF SERVICE</u>

---

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Robert Charles Davis (P40155)
Attorney for Defendants
10 S. Main St., Ste. 401
Mt. Clemens, MI 48043
(586) 469-4300
rdavis@dbsattorneys.com

Carlito H. Young (P61683)
Laura Bailey brown (P79742)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
cyoung@jrsjlaw.com
lbrown@jrsjlaw.com

# **TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES ........................................................................ 3

INDEX OF EXHIBITS ............................................................................. 4

I.   CONCISE STATEMENT OF THE ISSUE PRESENTED .................. 5

II.  STATEMENT OF THE CONTROLLING AND/OR MOST
     APPROPRIATE AUTHORITY ........................................................ 6

III. STATEMENT OF THE STANDARD OF REVIEW .......................... 6

IV.  STATEMENT OF THE RELEVANT AND CONTROLLING
     FACTS ........................................................................................ 8

V.   LEGAL ARGUMENTS .................................................................. 13

     A    Defendants' Counsel Has Not Violated MRPC 3.7 ................. 13

          1   Ethics Opinion RI-226 Is Directly On Point. ...................... 15

     B.   The Defendants' Counsel Has Not Violated MRPC 1.7 Or
          MRPC 1.10. ............................................................................ 16

     C.   Fed. R. Civ. P. 15 .................................................................. 17

VI.  CONCLUSIONS AND RELIEF REQUESTED ................................ 18

# INDEX OF AUTHORITIES

**Page**

**Cases**

**MJK Family LLC** v. **Corporate Eagle Management Services, Inc.**,
676 F.Supp.2d 584, 592 (E.D.Mich.,2009)............................................6, 7, 14

**People** v. **Tesen**,
276 Mich. App. 134; 739 N.W.2d 689 (2007)..................................................8


**Court Rules**
Fed. R. Civ. P. 15  ..................................................................................17, 18


**Other**

MRPC 1.7.................................................................................7, 14, 16

MRPC 3.7....................................................6, 7, 8, 13, 14, 15, 16

MRPC 1.10................................................................................................16

## INDEX OF EXHIBITS

1.  **MJK Family LLC** v. **Corporate Eagle Management Services, Inc.**,
    676 F.Supp.2d 584, 592 (E.D.Mich.,2009)

2.  **MRPC 3.7**

3.  **People** v. **Tesen**,
    276 Mich. App. 134; 739 N.W.2d 689 (2007)

4.  **Oakland Press Article Dated January 6, 2017**

5.  **Village Council Meeting Relevant Transcript Dated January 10, 2017**

6.  **Oakland County Sheriff's Case Report CR No. 160148298**

7.  **Defendants Counsel's Correspondence Dated January 13, 2017**

8.  **United States District Court Docket Entries in Case #  17-cv-10623**

9.  **Plaintiffs' Counsels' Correspondence Dated March 15, 2017**

10. **Defendants' Counsels' Correspondence Dated March 16, 2017**

11. **Michigan State Bar Ethics Opinion RI-226**

12. **Michigan State Bar Ethics Opinion RI-297**

13. **Michigan State Bar Ethics Opinion RI-299**

14. **MRPC 1.7 and MRPC 1.10**

15. **Conflict Waiver Agreement Under MRPC 1.7**

16. **Fed. R. Civ. P. 15**

## I.   <u>CONCISE STATEMENT OF THE ISSUE PRESENTED</u>

A.   **Should this Court Grant the Plaintiffs' Motion To Disqualify Attorney Robert Charles Davis as Counsel for the Defendants?**

**Plaintiffs say:**   "Yes"

**Defendants say:**   "No"

## II.   STATEMENT OF THE CONTROLLING AND/OR MOST APPROPRIATE AUTHORITY

The Defendants rely on **MJK Family LLC** v. **Corporate Eagle Management Services, Inc**., 676 F.Supp.2d 584, 592 (E.D.Mich.,2009) (**Exhibit 1**) and MRPC 3.7 (**Exhibit 2**) for their statement of the most controlling authority.

## III.   STATEMENT OF THE STANDARD OF REVIEW

This District Court stated, in **MJK Family LLC** v. **Corporate Eagle Management Services, Inc**., 676 F.Supp.2d 584, 592 (E.D.Mich.,2009), that a motion to disqualify an attorney is a legitimate tool to protect the integrity of judicial proceedings.   However, because the ability to deny one's opponent the services of capable counsel is a potent weapon, courts "must be vigilant" in reviewing a disqualification motion.   (**Exhibit 1 -- MJK Family LLC** v. **Corporate Eagle Management Services, Inc**., 676 F.Supp.2d 584, 592 (E.D.Mich.,2009).)

This District Court stated, in **MJK Family LLC,** that a court "must balance" the interest of the court and the public in upholding the integrity of the legal profession against the right of a party to retain their counsel of choice.   (**Exhibit 1 -- MJK Family LLC** v. **Corporate Eagle Management Services, Inc**., 676 F.Supp.2d 584, 592 (E.D.Mich.,2009).)   According to this District Court, the movant seeking the disqualification of an opposing counsel bears the burden of proving that the opposing counsel should be disqualified.   A decision to disqualify

6

a counsel must be based on a factual inquiry which allows for appellate review but an evidentiary hearing is not required.

> **"The movant bears the burden of proving that opposing counsel should be disqualified.** *S.D. Warren Co. v. Duff—Norton,* 302 F.Supp.2d 762, 767 (W.D.Mich.2004). **A decision to disqualify counsel must be based on a factual inquiry** conducted in a manner allowing appellate review, but an evidentiary hearing is not necessarily required. *General Mill Supply Co. v. SCA Servs.,* 697 F.2d 704, 710 (6th Cir.1982)."
> (**Exhibit 1** -- **MJK Family LLC** v. **Corporate Eagle Management Services, Inc.**, 676 F.Supp.2d 584, 592 (E.D.Mich.,2009).) (Emphasis Added)

The Michigan Rules of Professional Conduct at MRPC 3.7 state that a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness:

> **"(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:**
>
> **(1) the testimony relates to an uncontested issue;**
>
> **(2) the testimony relates to the nature and value of legal services rendered in the case; or**
>
> **(3) disqualification of the lawyer would work substantial hardship on the client.**
>
> **(b)** A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."
> (**Exhibit 2** -- MRPC 3.7) (Emphasis Added)

The Michigan Court of Appeals has ruled that the purpose of MRPC 3.7 is not to permit an opposing party to seek disqualification of an opposing counsel as a tactical device to gain an advantage.

> "Michigan courts have observed that the purpose of the rule is to prevent any problems that would arise from a lawyer's having to argue the credibility and the effect of his or her own testimony, to prevent prejudice to the opposing party that might arise therefrom, and to prevent prejudice to the client if the lawyer is called as an adverse witness, **not to permit the opposing party to seek disqualification as a tactical device to gain an advantage**. *Smith v. Arc–Mation, Inc.,* 402 Mich. 115, 119, 261 N.W.2d 713 (1978); *Kubiak v. Hurr,* 143 Mich. App. 465, 471, 475, 372 N.W.2d 341 (1985)." (**Exhibit 3 -- People v. Tesen**, 276 Mich. App. 134, 143; 739 N.W.2d 689, 694 (2007).) (Emphasis Added)

There is no basis to disqualify the Defendants' Counsel in this matter.

## IV.   STATEMENT OF THE RELEVANT AND CONTROLLING FACTS

On January 6, 2017, John Turk of the Oakland Press published a newspaper article that stated there was a newly created mounted police and color guard unit in Oxford, Michigan.

> "**A newly created mounted police and color guard unit in Oxford will represent Oakland County and the state with an expected 8,000 participants in President-elect Trump's inaugural parade on Jan. 20.**" (**Exhibit 4 --** Oakland Press January 6, 2017 Article) (Emphasis Added)

The news article raised issues with the Village of Oxford Council.

On January 10, 2017, the Village of Oxford Council conducted a regularly scheduled meeting.   With respect to the agenda item at issue, the matter was introduced as follows.

> "MS. BOSSARDET:  Okay.  **The next thing we have is the mounted police division**.  I don't' know who wants to star.  Mike? Okay. . . .

> MR. DAVIS:  -- maybe you should – the issue that the Village Council President has placed on the agenda under the name of mounted police is the Village Council wants to have a discussion isolated to **whether or not this mounted police division has been authorized or properly formed by approval of the Village council,** which I think is a separate issue –"  (**Exhibit 5** -- Village Council Transcript Dated January 10, 2017 at p. 2) (Emphasis Added)

The Village Council addressed its Police Chief to clarify the issues in the newspaper articles.   The Village Council also addressed the Village Manager to clarify the same issues.   In this public meeting, some of the Plaintiffs voluntarily asked to speak.   Plaintiff, Bruce Meyers, stated on the record that they were not representing themselves as the Village of Oxford police mounted unit.   <u>This admission is instructive and dispositive</u>.

> "MR. MEYERS:  Bruce Meyers, Oxford.  One of the things I never heard clarified was when we have been representing ourselves we haven't been saying we are Oxford, Village of Oxford police mounted unit.  Now there was a jump in the paper that John, John Turk made and he came up with that conclusion, but that's not something that we had ever said.  We've been very careful not to make that connection, not until everything was approved.  So there needs to be that distinction.  **We, we were not representing ourselves as Village of**

9

**Oxford police mounted unit**." (**Exhibit 5** -- Village Council Transcript Dated January 10, 2017 at p. 49) (Emphasis Added)

Bruce Meyers further stated, on the record, that they are a mounted unit but have not claimed any connection to the Village of Oxford. According to Bruce Meyers, when he read the newspaper article which made that connection he cringed. He could have asked for a retraction but he was hoping that it would just settle down.

Again, this admission is instructive and dispositive.

> "**We are a mounted unit but we've never claimed connection yet**. We would like to have that connection in the future but we've been very careful not to do that. **When I read that connection that John Turk made in the Oakland Press I cringed**. It's like oh shoot, that's not supposed to be like that. **And I suppose we could have a retraction** but that would just draw in more attention to it. I was hoping that that would **just settle down**." (**Exhibit 5** -- Village Council Transcript Dated January 10, 2017 at p. 49) (Emphasis Added)

Bruce Meyers further stated that they have been very careful not to say that they are Village of Oxford Police mounted division because they are not authorized yet.

Again, this admission is instructive on the dispositive question before this Court.

> "MR. MEYERS: **But that's why we've been very careful not to say that we are Village of Oxford Police mounted division**. Like I said, I cringed when I saw that, that Joe Turk made that jump. It's like – or John Turk from the Oakland Press. Its' like I knew that that was not appropriate, that's why we've been very careful not to make that connection. **We're not authorized yet.** Hopefully one day we will be. I would like to help the community. The feedback I get as Lone Ranger for the community is phenomenal." (**Exhibit 5** -- Village Council Transcript Dated January 10, 2017 at p. 55) (Emphasis Added)

At the conclusion of this agenda item, the following motion was made and passed by the Village of Oxford Council:

> "MS. BOSSARDET:  Um-hum.  Thank you.  **I move that the Village attorney immediately initiate notices, letters, and communications making it clear that the Oxford village Council has not reviewed, approved, authorized, sanctioned, or otherwise allowed any mounted police division, reserve or otherwise, in the Village of Oxford**.  The persons involved should be notified to cease any and all activities wherein there is a representation of any kind that they are part of the Village of Oxford Police Department in any way.  By example only the motion requires a legal communication to the Michigan Jurisdictional – Multi-Jurisdictional Mounted Division respectively making it clear that these individuals do not represent the Village of Oxford in anyway and are not associated with the Village of Oxford in any way.  Further, all uniforms, patches, equipment, or any other items provided these individuals by the Village of Oxford shall be immediately retrieved.  Also, and as a core component of this motion, I am asking that the Village Manager and the Police Chief cooperate fully in this regard and that neither take any additional actions to promote any affiliation between these individuals and the Village of Oxford.  **Nothing in this motion prevents this issue from being presented to this Council, Village Council, at a future meeting wherein the Village Council has an opportunity to review prior to a meeting all of the issues and potentially act accordingly**."  (**Exhibit 5** -- Village Council Transcript Dated January 10, 2017 at p. 56-57) (Emphasis Added)

During the public meeting, one Village of Oxford Councilperson did ask Police Chief Neymanowski whether he was aware of allegations that one or more of the Plaintiffs have falsely portrayed themselves as police officers while conducting an unauthorized investigation of a missing person.

11

"MR. DOLAN:  Are you aware that there are allegations these participants have falsely portrayed themselves as police officers while conducting an unauthorized investigation of a missing person recently, yes or no?

CHIEF NEYMANOWSKI:  I've heard something about they were at a festival.

MR. DOLAN:  **Did you know that the Oakland County Sheriff's Department investigated this matter as a criminal matter, yes or no**?" (**Exhibit 5** -- Village Council Transcript Dated January 10, 2017 at p. 20) (Emphasis Added)

There was a prior investigation -- in fact there were two (2) prior investigations.  Oakland County Sheriff' Office Case Report CR No 160148298 relates to the investigation of false personation of police officer.  The noted suspects are: Eugenia Calocassides, Bruce Carl Meyers, and Kallie Kay Roesner-Meyers (**Exhibit 6**) Those are the Plaintiffs here.

On January 13, 2017, and in accordance with the January 10, 2017 Motion on this agenda item, Defendants' Counsel sent a communication to the Plaintiffs which advised the Plaintiffs that the Village of Oxford does not have an approved mounted police force, division, reserve unit, drill squad or team.

"**The purpose of this letter is to advise you each on the following:**

1     The **Village of Oxford does not**, at this time, have an approved **mounted police force**, division, **reserve unit**, drill squad or team. . . ." (**Exhibit** 7 -- Defendants Counsels' January 13, 2017 Correspondence) (Emphasis Added)

12

On February 27, 2017, the Plaintiffs filed the above captioned suit. (**Exhibit 8** -- Court's Docket #1)  The Plaintiffs Amended Complaint was filed on March 8, 2017. (**Exhibit 8** -- Court's Docket #7)  On March 15, 2017, attorney Robert Charles Davis ("Defendants' Counsel") filed his appearance with this Court on behalf of all Defendants. (**Exhibit 8** -- Court's Docket # 9)

On March 15, 2017, the Plaintiffs' Counsel sent correspondence to Defendants' Counsel accusing him of violating MRPC 3.7 and demanding that he withdraw his appearance. (**Exhibit 9** -- Ellison Correspondence)  On March 16, 2017, Defendants' Counsel provided Plaintiffs' Counsel with ethics opinions located at RI-136, RI-297, RI-281, RI-299, RI-264, RI-226, RI-106 on this issue. (**Exhibit 10** -- Davis Correspondence)  On March 19, 2017, the Plaintiffs' Counsel filed a Motion to Disqualify the Defendants Counsel.

## IV.    LEGAL ARGUMENTS

### A.    Defendants' Counsel Has Not Violated MRPC 3.7

The Michigan Rules of Professional Conduct at MRPC 3.7 state that a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness.  This District Court has examined MRPC 3.7 and noted that MRPC 3.7(a) generally prohibits a lawyer from acting as an advocate at a trial in which he is likely to be a necessary witness.

"E. Disqualification Under MRPC 3.7 is Premature, at Best

**12 Plaintiffs also argue that disqualification is mandated by MRPC 3.7. Rule 3.7(a) generally prohibits a lawyer from acting as an advocate** *at a trial* **in which he is likely to be a necessary witness**. But Rule 3.7(b) *permits* an attorney to act as an advocate *at trial* where a fellow partner is likely to be a witness, except where precluded from doing so by Rules 1.7 or 1.9." (**Exhibit 1 -- <u>MJK Family LLC</u>** v. **<u>Corporate Eagle Management Services, Inc</u>**., 676 F.Supp.2d 584, 600 (E.D.Mich.,2009).) (Emphasis Added)

This District Court further noted, in **<u>MJK Family LLC,</u>** that despite the fact that the attorney was a necessary witness and may be disqualified from acting as trial counsel, <u>MRPC 3.7 did not require a complete disqualification</u>. This applies here.

"Plaintiffs contend that Mr. Wysocki is likely a necessary witness, a fact which Defendants appear to concede. Plaintiffs further claim that the entire firm must be disqualified on the basis of Mr. Wysocki's status as a key witness. **<u>As explained in</u>** **<u>*Dalrymple*, "[a]lthough [Mr. Wysocki] may well be disqualified from acting as trial counsel, the rule does not require his complete disqualification at this point</u>**." 615 F.Supp. at 990. Having found that Rules 1.7 and 1.9 do not mandate disqualification, I hold that another KSWB lawyer may serve as trial counsel—in the event trial becomes necessary." (**Exhibit 1 -- <u>MJK Family LLC</u>** v. **<u>Corporate Eagle Management Services, Inc</u>**., 676 F.Supp.2d 584, 600 (E.D.Mich.,2009).) (Emphasis Added)

This District Court's ruling in **<u>MJK Family</u>** is consistent with the State Bar of Michigan's Ethics Opinion RI-226.

### 1. **Ethics Opinion RI-226 Is Directly On Point.**

State Bar of Michigan Ethics Opinion RI-226 states that a lawyer who is going to be a necessary witness concerning a contested fact may not serve as the advocate at trial. However, a lawyer who is going to be a necessary witness concerning a contested fact is not prohibited from taking the case, from negotiating with parties, or from performing trial preparation.

> "A lawyer who is going to be a necessary witness concerning a contested fact may not serve as the advocate at trial, *i.e.*, as the person who presents evidence and argument or otherwise participates as a spokesperson for the client in open court.
>
> **A lawyer who is going to be a necessary witness concerning a contested fact is not thereby prohibited from taking the case, from negotiating with parties, or from performing trial preparation**.
>
> References: MRPC 3.7(a); RI-26, RI-57; CI-1118; ABA Op 89-1529." (**Exhibit 11 -- Michigan State Bar Ethics Opinion RI-226**) (Emphasis Added)

According to Michigan State Bar Ethics Opinion RI-226, MRPC 3.7(a) does not disqualify a lawyer from a case. MRPC 3.7(a) only prohibits the lawyer from performing as an advocate at trial, which is but one portion of representation. According to RI-226 a lawyer is not prohibited from taking the case, from negotiating with parties, or from performing trial preparation.

> **"On its face, MRPC 3.7(a) does not disqualify the lawyer from the case. The rule only prohibits the lawyer from performing as advocate at trial, *i.e.*, one portion of the expected representation. The lawyer is not prohibited from**

**taking the case, from negotiating with parties, or from performing trial preparation**. ABA Op 89-1529. In CI-1118, we concluded that a lawyer/accountant serving as counsel in a divorce case need not withdraw as counsel in order to serve as an expert witness on behalf of the client, where co-counsel, a trial lawyer who is not in any way affiliated with the counsel's law firm, will serve as sole advocate in open court. Although that opinion was decided under former Michigan Code of Professional Responsibility DR 5-101(B), the opinion noted ABA Model Rule of Professional Conduct 3.7 (identical to MRPC 3.7) in reaching its decision. "Advocate," for purposes of the Rule, was defined as "a person who presents evidence and argument or otherwise participates as a spokesperson for the client in open court."" **(Exhibit 11 -- RI226 Opinion)** (Emphasis Added)

The Defendants Counsel has not violated MRPC 3.7. The Defendants Counsel, at a minimum, is free to represent the Defendants up and until the date of Trial. There is no violation of MRPC 3.7.[1]

**B.    The Defendants' Counsel Has Not Violated MRPC 1.7 Or MRPC 1.10.**

The Plaintiffs' Counsel raises the issue of MRPC 1.7 and MRPC 1.10 in terms of a conflict. Defendants Counsel is aware of MRPC 1.7 (**Exhibit 14**) and a conflict waiver agreement to address the issue is attached at **Exhibit 15** ("Conflict Waiver"). It states, in relevant part, the following:

> **"The undersigned, after consultation, hereby waives any conflict under MRPC 1.7 with respect to Attorney Robert Charles Davis appearing and defending the interests of all Defendants in the above-captioned litigation matter."** (Exhibit 15 -- Conflict Waiver) (Emphasis Added)

---

[1] The Defendants also attach Michigan State Bar Ethics Opinions RI-297 (**Exhibit 12**) and RI-299 (**Exhibit 13**) for the same proposition/position.

16

This argument fails accordingly.

## C. <u>Fed. R. Civ. P. 15</u>

Plaintiffs' Counsel raises the procedural issue of Fed. R. Civ. P. 15. That Rule states, in relevant part, the following:

> **"(a) Amendments Before Trial.**
>
> **(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:**
>
> **(A) 21 days after serving it, or**
>
> **(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.**
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> (3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." (**Exhibit 16** -- Fed. R. Civ. P. 15) (Emphasis Added)

A recent version of this Court's Docket is attached at **Exhibit 8**. According to this Court's Docket, the Plaintiffs' Complaint was filed on February 27, 2017. (**Exhibit 8** -- Court's Docket #1) The Plaintiffs Amended Complaint was filed on March 8, 2017. (**Exhibit 8** -- Court's Docket #7) Although the pleadings were

sent to the press, the Complaint and Amended Complaint were not served on the Defendants until March 20, 2017.  (**Exhibit 8 --** Court's Docket # 11)

This Court's Docket is clear that the Plaintiffs' Amended Complaint was filed with this Court before the original Complaint was served on any of the Defendants.  This is a violation of Fed. R. Civ. P. 15.

## V.    <u>CONCLUSIONS AND RELIEF REQUESTED</u>

The Defendants hereby request that this Honorable Court enter an Order:

(I)     Denying the Plaintiffs' Motion to Disqualify Defendants' Counsel; and

(II)    Awarding the Defendants costs and attorney fees for having to respond to this Motion; and

(III)   Granting such other relief in favor of the Defendants as this Honorable Court deems just, equitable and appropriate under the circumstances presented.

By:    **/s/ Robert Charles Davis**
ROBERT CHARLES DAVIS (P40155)
Attorney For Defendants
10 S. Main St., Ste. 401
Mt. Clemens, MI  48043
(586) 469-4300
Dated:  March 31, 2017          (586) 469-4303 – Fax
rdavis@dbsattorneys.com

18

## <u>CERTIFICATE OF SERVICE</u>

Robert Charles Davis states that, on March 31, 2017, he caused a copy of the **Defendants Brief In Support Of Their Response In Opposition To The Plaintiffs' Motion To Disqualify Attorney Robert Charles Davis And His Law Firm** to be electronically filed with this Court through the ECF system which will send notification to counsel of record.

By:   <u>**/s/ Robert Charles Davis**</u>
ROBERT CHARLES DAVIS (P40155)
Attorney For Defendants
10 S. Main St., Ste. 401
Mt. Clemens, MI  48043
(586) 469-4300
(586) 469-4303 – Fax
rdavis@dbsattorneys.com

Dated:  March 31, 2017

19