# EXHIBIT 9



**Correspondence from Philip L. Ellison, MBA, JD, Esq**
Business Counselor & Attorney at Law
pellison@olcplc.com

MARCH 15, 2017
*SENT VIA EMAIL (w/COPY BY US MAIL)*

Robert C, Davis, Attorney at Law
Davis Burket Savage Listman Taylor
10 S. Main St, Suite 401
Mt Clemens, MI 48043

rdavis@dbattorneys.com

Re: **Request for Your Disqualification to Serve as Counsel**
**Meyers v Village of Oxford**
**MIED Case No.: 17-cv-10623**

Dear Mr. Davis:

This morning, I received the electronic filing of your appearance on behalf of all defendants for the above-referenced case. As you know, the Michigan Rules of Professional Conduct applies to the conduct of our affairs. In this case, you have been named a party-defendant and, as I have previously indicated, you are a necessary witness in this case and cannot serve as counsel. MRPC 3.7 commands that "a lawyer *shall not* act as advocate at a trial in which the lawyer is *likely* to be a necessary witness." Federal courts routinely apply MRPC 3.7 as a basis to disqualify an attorney who is likely to be a witness and disqualify the firm by the imputation rule, MRPC 1.10. See e.g. *Aleynu, Inc. v. Universal Prop. Dev. and Acquisition Corp*, 564 F.Supp.2d 751 (2008).

Here, it is far more than mere 'likely' that you are a necessary witness. You were at the disputed January 2017 meeting; you are on video actively and passionately participating. You likely wrote the motion that President Bossardet utilized. You spoke and acted on behalf of the Village Council both at the January 2017 meeting and by your letter of January 13, 2017. You responded and acted on behalf of the Village in not providing a name clearing hearing. Your actions are inexplicitly intertwined with the facts that give rise to the current cause of action. As such, you cannot be counsel for *all* defendants under MRPC 3.7. I do not dispute, however, that you can be your own counsel should you desire to do so.

To that end, I request you withdraw as counsel of all defendants, except yourself, to avoid the on-going violation of MRPC 3.7. I am willing to supply the other defendants with needed time to obtain new counsel from an outside firm. If you fail to do so, I will be filing a motion with Chief Judge Denise Page Hood.

Please confirm your intent, in writing, to withdraw by Friday, March 17, 2017.

Great Lakes Bay Region
PO Box 107
Hemlock, MI 48626
Direct   (989) 642-0055
Fax      (888) 398-7003

*A Michigan Professional Limited Liability Company*

www.olcplc.com

Re: Request for Your Disqualification to Serve as Counsel
Meyers v Village of Oxford
MIED Case No.: 17-cv-10623
March 15, 2017
Page 2

Best regards,

*Philip L Ellison*

Philip L. Ellison, MBA, JD, Esq.
Attorney at Law

CC:   Client File
      Clients



Outside Legal Counsel