UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE MEYERS,
KALLIE ROESNER-MEYERS,
and EUGENIA CALOCASSIDES,

    Plaintiffs,

v.

Case No. 17-cv-10623
HON. DENISE PAGE HOOD

VILLAGE OF OXFORD, a Michigan
home-rule village;
JOE YOUNG, in his personal and official
capacity as Village Manger of the Village
of Oxford;
SUE BOSSARDET, in her personal and
official capacity as President of the
Village of Oxford; and
MICHAEL SOLWOLD, in his official
capacity only as Acting Police Chief of
the Village of Oxford;
ROBERT CHARLES DAVIS, in his
personal and official capacity as an
administrative officer (Village Attorney)
of the Village of Oxford,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#17]

    **I.**    INTRODUCTION

On May 4, 2017, Defendants filed a Motion to Dismiss. (Doc No. 17). Plaintiffs filed a response to the Motion to Dismiss on June 8, 2017. (Doc No. 20).

Defendants replied on June 22, 2017. (Doc No. 21). For the reasons that follow, the Court grants Defendants' Motion to Dismiss.

## II. BACKGROUND

Plaintiffs brought this case after being "removed from their role as reserve officer[s]" by the Defendants on January 10, 2017. (Doc No. 7 at Pg. ID 59). Plaintiffs volunteered to be a part of the Village of Oxford Police Reserve team and the Mounted Unit division. Each Plaintiff was trained and certified to use pistols, rifles, and OC spray with LCSD. (*Id* at Pg. ID 57). The main goal of the reserve unit is to:

> supplement the patrol division. The reserve officers work mainly on Friday and Saturday nights. They patrol on foot, on bike or patrol car in the downtown area. They also handle most of the traffic control assignments for holiday parades and other special events.

(*Id* at Pg. ID 56).

The Mounted Unit for the Village of Oxford was asked to be a part of the inauguration ceremonies and parade for the swearing in of President Donald J. Trump in Washington, D.C. (*Id* at Pg. ID 58). The police chief at the time accepted the offer on behalf on the unit. At the next village council meeting, Defendants being displeased by the news proceeded to question Plaintiffs. Defendants approved a motion stating that the "Oxford Village Council has not reviewed, approved, or authorized any mounted police division, reserve or

2

otherwise, within the Village of Oxford; and that such be transmitted also to the Michigan Multi-Jurisdictional Mounted Police Drill Team." (*Id* at Pg. ID 58). The motion was released without first notifying Plaintiffs. As a result, Plaintiffs argue they lost their positions as reservists and their good reputation. (*Id* at Pg. ID 59).

Plaintiffs asked to have a name clearing hearing but were never given one. (*Id* at Pg. ID 59). Defendants requested certain documents from Plaintiffs before the hearing could take place. Plaintiffs never gave Defendants any documents believing that it was not necessary to do so under the law. (*Id* at Pg. ID 60). In response to not receiving a hearing, Plaintiffs filed a complaint on February 27, 2017 and amended the complaint on March 8, 2017. (Doc No. 1 & 7). Defendants filed a Motion to Dismiss on May 4, 2017. (Doc No.17). Plaintiffs responded on June 8, 2017. (Doc No. 20). Defendants replied on June 22, 2017 (Doc No. 21).

### III. Applicable Law and Analysis

#### A. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of Plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to Plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id*. at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Rather, "[a] claim has facial plausibility when Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Analysis**

**i. Name Clearing Hearing**

Plaintiffs allege that the denial of a name clearing hearing by Defendants violated their right to Due Process under the 14th Amendment. Plaintiffs assert that since they are volunteer reserve officers, they are entitled to same rights as employees. They argue that there should not be a distinction between the "paid employee" and "volunteer employee." (Doc No 20 Pg. 8). Plaintiffs argue that *Brown* does not make a distinction between a paid employee and a volunteer and neither should this Court. Plaintiffs further argue that since there is no distinction made in *Brown*, Plaintiffs believe making a distinction in the present case should not be allowed. (Doc No. 20 Pg. 9). Plaintiffs assert that "we live, fortunately, in a

4

country where service to one's country and state is not measured simply in terms of financial remuneration" and a "loss of that government position is a loss to who works in such a role and the benefit." (Doc No. 20 Pg.8). Plaintiffs further assert that "the wrongful loss of government positions is a protected liberty interest. Losing the same for false assertions and subsequent termination, and without the name clearing hearing, impinges on the liberty interests of reputation, good name, honor, and integrity." (Doc No. 20 Pg.9).

Defendants assert that the Sixth Circuit has held that only employees are entitled to a name clearing hearing. In order for an employee to be entitled to a name clearing hearing there needs to be an employment relationship and a connection between termination and the defamation claims. (Doc No. 17 Pg. ID 331) (citing *Quinn v. Shirey*, 293 F.3d 315, 320 (6th Cir. 2002)). Defendants argue that there is a difference between being a paid employee and volunteer employee. They assert that paid employees are entitled to a name clearing hearing while volunteer employees are just volunteers and do not have a constitutional right to a name clearing hearing. (Doc No. 21 Pg. ID 407) (citing *id.*)

There are five factors that a plaintiff must demonstrate in order to have a name clearing hearing.

> First, the stigmatizing statements must be made in conjunction with Plaintiff's termination from employment.... Second, a plaintiff is not

5

> deprived of his liberty interest when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance.... Third, the stigmatizing statements or charges must be made public. Fourth, Plaintiff must claim that the charges made against him were false. Lastly, the public dissemination must have been voluntary

*Quinn*, 293 F.3d at 320.

As for the first two prongs, the *Quinn* court held that an employee has the right to a name clearing hearing when an "employer creates a false and defamatory impression about a particular employee in connection with his termination." *Id*. The defamation had to occur in the course of the termination of employment. *Paul v. Davis*, 424 U.S. 693, 710 (1976). Plaintiffs concede that they are volunteers and never held employment for Defendants. (Doc No. 7 at Pg. ID 57). Plaintiffs argue that there is no difference between a paid employee and a volunteer employee. Plaintiffs argue that "being a paid employee is not an element" of the claim and should not legally be recognized as a defense in the Sixth Circuit. (Doc No. 20 Pg. 8) (citing *Brown v. City of Niota*, Tenn., 214 F.3d 718 (6th Cir. 2000)). Plaintiffs assume that, since a distinction between paid employees and volunteers was not made in *Brown*, then there is no difference between a volunteer and an employee. The Court should not be swayed by this argument.

Defendants assert that the *Quinn* court held that only employees are entitled to a name clearing hearing. In order for an employee to be entitled to a name

clearing hearing, there needs to be an employment relationship and a connection between termination and the defamation claims. (Doc No. 17 Pg. ID 331). Defendant argues that volunteers are not employees and do not have a constitutional right to a name clearing hearing. (Doc No. 21 Pg. ID 407).

According to Black's Law Dictionary, employment is defined as "work for which one has been hired and is being paid by an employer. (Black's Law Dictionary (10th ed. 2014)). A volunteer is defined as "someone who gratuitously and freely confers a benefit on another. *Id.* Since Plaintiffs were not paid for their service but freely and willing gave their service, they are volunteers. Based on *Quinn* and *Davis*, Plaintiffs are not entitled to a name clearing because they are not employees. Only an employee who has been victim of defamation by their employer and lost their job because of the false accusations is entitled to a name clearing hearing. *Paul*, 424 U.S. at 710. A name clearing hearing is not a protected interest under the 14th Amendment for volunteers. Since there was not an employee-employer relationship between Plaintiffs and Defendants, Plaintiffs do not pass the first two prongs.[1] As Plaintiffs cannot satisfy their burden of

---

[1] Plaintiffs met the third requirement because the motion to denounce the unauthorized mounted unit was made during a town meeting where the public could hear. (Doc No. 7 Pg. ID 6). Plaintiffs met the fourth requirement because they claimed that Defendants accused the Plaintiffs of impersonating police officers. Plaintiffs assert that the accusations are false and defamatory. *Id* at Pg. ID 5 Since the statements were made freely and willingly by the Defendants, the fifth requirement was met.

entitlement to a name clearing hearing, the Court grants Defendants' Motion to Dismiss.

### ii. Legislative and Qualified Immunity

In the alternative, Defendants argued that they are entitled to dismissal of Plaintiffs' cause of action based on legislative and/or qualified immunity.

A person is given legislative immunity if the nature of the act was legislative rather than the motive or intent. "Legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity." "The hallmarks of traditional legislation… reflect a discretionary, policymaking decision implicating the budgetary priorities of the city and the services the city provides to its constituents." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). Qualified immunity is determined in two parts. "First, whether a constitutional right has been violated and second, whether that right was clearly established." *Getz v. Swoap,* 833 F.3d 646, 652 (6th Cir. 2016).

Plaintiffs assert that legislative immunity is not warranted because removing someone for a government position is not legislative but administrative. (Doc No. 20 Pg. 14). In *Bogan,* the Court held that acts are legislative if they are integral parts of the legislative process. *Bogan*, 523 U.S. at 45. Applying *Bogan*, Defendants argue they were acting in a legislative manner. Defendants voted on

the motion to send out notices and letters to communicate that the mounted unit was unauthorized and should cease activities. (Doc No. 21-1 Pg. ID 469). The act of voting is a legislative act in itself as the council body decided on the motion, not just one member. The vote by the council body discontinued the unauthorized mounted unit, not the removal of a person from a government position. If Plaintiffs were employees who terminated from their position but the position continued to exist, then legislative immunity would not apply.

The qualified immunity doctrine "shields public officials from money-damages liability if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016). Defendants argue that since Plaintiffs are not employees, it is "reasonable to conclude" the name clearing hearing "is not required under law." (Doc No. 21 Pg ID 410). Plaintiffs assert that they have a constitutional right to a name clearing hearing and the denial of the hearing is clearly unlawful.

Defendants would not be entitled to qualified immunity if Plaintiffs could prove that they had a constitutional right and that right was clearly established at the time of the violation. As previously discussed, Plaintiffs do not have a constitutional right to a name clearing hearing. As there is no right to the hearing,

Plaintiffs have not overcome the first prong required to preclude qualified immunity. A reasonable person would have concluded that Plaintiffs did not have a right to a hearing. As a result, there was not a violation of Plaintiffs' rights, and Defendants cannot be sued in their personal capacities because their reliance on the existing law was objectively reasonable. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).

The Village of Oxford and the individual Defendants (acting in their official capacities) do not have the defense of qualified immunity. The Village of Oxford is "not eligible for qualified immunity because it is a city, not an individual." *Hudson v. City of Highland Park, Michigan*, 2017 WL 2831701, at *2 (2017). "In an official-capacity action, these defenses are unavailable. The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity." *Graham*, 473 U.S. at 167.

Even though the Village of Oxford and Defendants (in their official capacities) do not have qualified immunity, the Motion to Dismiss still should be granted. As stated above, no constitutional right has been violated; as a result, a name clearing hearing is not required under the law.

I. **CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Defendants' Motion to Dismiss [Dkt. No. 17] is **GRANTED**, and Plaintiffs' cause of action is **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager