UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

BRUCE MEYERS; KALLIE
ROESNER-MEYERS and
EUGENIA CALOCASSIDES,

Case No. 17-cv-10623
Hon. Denise Page Hood

    Plaintiffs,

v

VILLAGE OF OXFORD, a Michigan home-rule
village, JOE YOUNG, in his personal and official
capacity as Village Manager of the Village of
Oxford; SUE BOSSARDET, in her personal and
official capacity as President of the Village of Oxford;
and MICHAEL SOLWOLD, in his official capacity
only as the Acting Police Chief of the Village of Oxford;
ROBERT CHARLES DAVIS, in his personal and official
capacity as an administrative officer (Village Attorney)
of the Village of Oxford,

    Defendants.
_____

| OUTSIDE LEGAL COUNSEL PLC | ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C. |
|---|---|
| PHILIP L. ELLISON (P74117) | CARLITO H. YOUNG (P61863) |
| Attorney for Plaintiffs | LAURA BAILEY BROWN (P79742) |
| P O Box 107 | Attorneys for Defendants |
| Hemlock, MI 48626 | 27555 Executive Drive, Suite 250 |
| (989) 642-0055 / (888) 398-7003 (F) | Farmington Hills, MI 48331 |
| pellison@olcplc.com | (248) 489-4100 / (248) 489-1726 (F) |
| | cyoung@rsjalaw.com |
| | lbrown@rsjalaw.com |

# DEFENDANTS' ANSWER TO
# PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, Village of Oxford, Joe Young, in his official capacity as Village Manager, Sue Bossardet, in her official capacity as Village President, Michael Solwold, in his official capacity as Acting Police Chief, and Robert Charles Davis, in his official capacity as Village Attorney,[1] by and through their attorneys, ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C., state as follows in Answer to Plaintiff's First Amended Complaint:

1. In answer to paragraph 1, Defendants deny that Plaintiffs were Village of Oxford reserve police officers or members of an alleged Village of Oxford Police Reservist Mounted Division for the reason that these allegations are untrue. Defendants neither admit nor deny the remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs.

2. In answer to paragraph 2, Defendants admit the allegations.

3. In answer to paragraph 3, Defendants admit that Joe Young is a resident of the State of Michigan. To the extent not expressly admitted herein,

---

[1] The individually-named Defendants were dismissed from this action by this Court in the August 31, 2017 Order Granting Defendants' Motion to Dismiss [#17]. *See* Doc. #22. Although the Sixth Circuit reversed in part the decision, the dismissal of the individually-named defendants was upheld. Thus, this Answer is submitted on behalf of the Village of Oxford, and Joe Young, Sue Bossardet, Michael Solwold, and Robert Charles Davis in their official capacities, only.

Defendants deny the remaining allegations of the paragraph for the reason that they are untrue.

4.     In answer to paragraph 4, Defendants admit that Robert Charles Davis serves as the Village Attorney.  Defendants deny that Mr. Davis is sued in his individual capacity, as this Court dismissed Mr. Davis and all individually-named defendants from this action in their individual capacities.  In further answer, Defendants state that the remaining allegations contained in the paragraph are legal conclusions, as opposed to well-pled allegations of fact, to which no response is required.  To the extent a response is required, Defendants rely on the Village of Oxford Code of Ordinances in its entirety.

5.     In answer to paragraph 5, Defendants admit that Sue Bossardet is a resident of the State of Michigan.  To the extent not expressly admitted herein, Defendants deny the remaining allegations of the paragraph for the reason that they are untrue.

6.     In answer to paragraph 6, Defendants admit that Michael Solwold is a resident of the State of Michigan.  To the extent not expressly admitted herein, Defendants deny the remaining allegations of the paragraph for the reason that they are untrue.

## JURISDICTION

7. In answer to paragraph 7, Defendants do not dispute that the Court has subject matter jurisdiction over federal claims. In further answer, Defendants affirmatively deny that Plaintiffs have viable federal claims against Defendants for the reason that these allegations are untrue.

8. In answer to paragraph 8, Defendants do not dispute that venue is proper in this Court.

## GENERAL ALLEGATIONS

9. In answer to paragraph 9, Defendants deny the allegations for the reason that they are untrue.

10. In answer to paragraph 10, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs.

11. In answer to paragraph 11, Defendants deny the allegations for the reason that they are untrue.

12. In answer to paragraph 12, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs.

13. In answer to paragraph 13, Defendants admit that the language from Exhibit B to Plaintiff's First Amended Complaint is accurately quoted. In further

answer, Defendants state that the Village of Oxford's Police Department website speaks for itself, and Defendant relies upon the written documentation in its entirety.

14. In answer to paragraph 14, Defendants admit that the language from Exhibit B to Plaintiff's First Amended Complaint is accurately quoted. In further answer, Defendants state that the Village of Oxford's Police Department website speaks for itself, and Defendant relies upon the written documentation in its entirety.

15. In answer to paragraph 15, Defendants deny the allegations as stated for the reason that they are untrue.

16. In answer to paragraph 16, Defendants admit that the town festival is premised on the Lone Ranger. Defendants neither admit nor deny the remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs.

17. In answer to paragraph 17, Defendants admit that the Long Ranger creed is printed in the monthly meeting agenda attached to the First Amended Complaint as Exhibit C. In further answer, Defendants state that Exhibit C speaks for itself.

18. In answer to paragraph 18, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs. In further answer, Defendants state that Exhibit D to the First Amended Complaint speaks for itself.

19. In answer to paragraph 19, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs. In further answer, Defendants state that Exhibit D to the First Amended Complaint speaks for itself.

20. In answer to paragraph 20, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs. In further answer, Defendants state that Exhibit D to the First Amended Complaint speaks for itself.

21. In answer to paragraph 21, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs. In further answer, Defendants state that Exhibit D to the First Amended Complaint speaks for itself.

22. In answer to paragraph 22, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs. In further answer, Defendants state that Exhibit E to the First Amended Complaint speaks for itself.

23. In answer to paragraph 23, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs.

24. In answer to paragraph 24, Defendants deny the allegations for the reason that they are untrue.

25. In answer to paragraph 25, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs.

26. In answer to paragraph 26, Defendants deny the allegations as stated for the reason that they are untrue.

27. In answer to paragraph 27, Defendants deny the allegations as stated for the reason that they are untrue.

28. In answer to paragraph 28, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs.

29. In answer to paragraph 29, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs.

30. In answer to paragraph 30, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs. In further answer, Defendants state that Exhibit G to the First Amended Complaint speaks for itself.

31. In answer to paragraph 31, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs.

32. In answer to paragraph 32, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs. In further answer, Defendants state that Exhibit H to the First Amended Complaint speaks for itself.

33. In answer to paragraph 33, Defendants deny the allegations as stated for the reason that they are untrue.

34. In answer to paragraph 34, Defendants deny the allegations as stated for the reason that they are untrue. In further answer, Defendants state that Exhibit I to the First Amended Complaint speaks for itself.

35. In answer to paragraph 35, Defendants deny the allegations as stated for the reason that they are untrue.

36. In answer to paragraph 36, Defendants admit that a resolution was passed and further state that the resolution speaks for itself. To the extent not expressly admitted herein, Defendants deny the remaining allegations of the paragraph as stated for the reason that they are untrue.

37. In answer to paragraph 37, Defendants admit that a resolution was passed and further state that the resolution speaks for itself.

38. In answer to paragraph 38, Defendants deny the allegations as stated for the reason that they are untrue.

39. In answer to paragraph 39, Defendants deny the allegations as stated for the reason that they are untrue.

40. In answer to paragraph 40, Defendants admit that Mr. Davis sent a letter to Plaintiffs dated January 13, 2017, a copy of which is attached to the First Amended Complaint as Exhibit J. In further answer, Defendants state that the letter speaks for itself. To the extent not expressly admitted herein, Defendants deny the remaining allegations of the paragraph for the reason that they are untrue.

41. In answer to paragraph 41, Defendants state that the statements contained in the paragraph are legal conclusions, as opposed to well-pled allegations of fact, to which no response is required. To the extent a response is required, Defendants deny any violation of the law.

42. In answer to paragraph 42, Defendants state that the statements contained in the paragraph are legal conclusions, as opposed to well-pled allegations of fact, to which no response is required. To the extent a response is required, Defendants any violation of the law and rely on the Village Code of Ordinances in its entirety.

43. In answer to paragraph 43, Defendants state that the statements contained in the paragraph are legal conclusions, as opposed to well-pled allegations of fact, to which no response is required. To the extent a response is required, Defendants any violation of the law and rely on the Village Code of Ordinances in its entirety.

44. In answer to paragraph 44, Defendants state that the statements contained in the paragraph are legal conclusions, as opposed to well-pled allegations of fact, to which no response is required. To the extent a response is required, Defendants any violation of the law and rely on the Village Code of Ordinances in its entirety.

45. In answer to paragraph 45, Defendants state that the statements contained in the paragraph are legal conclusions, as opposed to well-pled allegations of fact, to which no response is required. To the extent a response is required, Defendants any violation of the law and rely on the Village Code of Ordinances in its entirety.

46. In answer to paragraph 46, Defendants deny the allegations for the reason that they are untrue.

47. In answer to paragraph 47, Defendants neither admit nor deny the remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs. In further answer, Defendants state that Exhibit M to the First Amended Complaint speaks for itself.

48. In answer to paragraph 48, Defendants deny the allegations as stated for the reason that they are untrue.

49. In answer to paragraph 49, Defendants deny the allegations as stated for the reason that they are untrue.

50. In answer to paragraph 50, Defendants deny the allegations as stated for the reason that they are untrue.

51. In answer to paragraph 51, Defendants neither admit nor deny the remaining allegations of the paragraph for lack of knowledge or information

sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs.

52. In answer to paragraph 52, Defendants neither admit nor deny the remaining allegations of the paragraph for lack of knowledge or information sufficient upon which to form a belief as to the truth of the allegations and thereby leave Plaintiffs to their proofs. In further answer, Defendants state that Exhibit N to the First Amended Complaint speaks for itself.

53. In answer to paragraph 53, Defendants deny the allegations as stated for the reason that they are untrue.

54. In answer to paragraph 54, Defendants deny the allegations as stated for the reason that they are untrue.

55. In answer to paragraph 55, Defendants deny the allegations as stated for the reason that they are untrue.

**COUNT I
VIOLATION OF PROCEDURAL DUE PROCESS
DENIAL OF NAME CLEARING HEARING - 42 U.S.C. § 1983
(AGAINST DEFENDANTS YOUNG, BOSSARDET & DAVIS)[2]**

---

[2] The individually-named Defendants were dismissed from this action by this Court in the August 31, 2017 Order Granting Defendants' Motion to Dismiss [#17]. *See* Doc. #22. Although the Sixth Circuit reversed in part the decision, the dismissal of the individually-named defendants was upheld. Thus, this Answer is submitted on behalf of Joe Young, Sue Bossardet, Michael Solwold, and Robert Charles Davis in their official capacities, only.

56. Defendants incorporate by reference paragraphs 1 through 55 above as through fully set forth herein.

57. In answer to paragraph 57, Defendants state that the statements contained in the paragraph are legal conclusions, as opposed to well-pled allegations of fact, to which no response is required. To the extent a response is required, Defendants deny any violation of the law.

58. In answer to paragraph 58, Defendants state that the statements contained in the paragraph are legal conclusions, as opposed to well-pled allegations of fact, to which no response is required. To the extent a response is required, Defendants deny the allegations as stated for the reason that they are untrue.

59. In answer to paragraph 59, Defendants deny the allegations for the reason that they are untrue.

60. In answer to paragraph 60, Defendants deny the allegations for the reason that they are untrue.

61. In answer to paragraph 61, Defendants deny the allegations as stated for the reason that they are untrue.

62. In answer to paragraph 62, Defendants deny the allegations for the reason that they are untrue.

63. In answer to paragraph 63, Defendants deny the allegations for the reason that they are untrue.

64. In answer to paragraph 64, Defendants state that the statements contained in the paragraph are legal conclusions, as opposed to well-pled allegations of fact, to which no response is required. To the extent a response is required, Defendants deny the allegations as stated for the reason that they are untrue.

65. In answer to paragraph 65, Defendants deny the allegations for the reason that they are untrue.

66. In answer to paragraph 66, Defendants deny the allegations for the reason that they are untrue.

67. In answer to paragraph 67, Defendants deny the allegations for the reason that they are untrue.

**COUNT II**
**VIOLATION OF PROCEDURAL DUE PROCESS**
**DENIAL OF NAME CLEARING HEARING – MONNELL CLAIM – 42 U.S.C. § 1983**
**(AGAINST DEFENDANT VILLAGE OF OXFORD)**

68. Defendants incorporate by reference paragraphs 1 through 67 above as through fully set forth herein.

69. In answer to paragraph 69, Defendants deny the allegations for the reason that they are untrue.

70. In answer to paragraph 70, Defendant denies the allegations for the reason that they are untrue.

## COUNT III
## DECLARATORY RELIEF – 28 U.S.C. § 2201
## (AGAINST ALL DEFENDANTS)

71. Defendants incorporate by reference paragraphs 1 through 70 above as through fully set forth herein.

72. In answer to paragraph 72, Defendants deny the allegations for the reason that they are untrue.

73. In answer to paragraph 73, Defendants deny the allegations for the reason that they are untrue.

## RELIEF REQUESTED

74. In answer to the relief requested and its subparts, Defendants deny that Plaintiffs are entitled to any of the relief they seek.

WHEREFORE, Defendants Village of Oxford, Joe Young, in his official capacity as Village Manager, Sue Bossardet, in her official capacity as Village President, Michael Solwold, in his official capacity as Acting Police Chief, and Robert Charles Davis, in his official capacity as Village Attorney, respectfully request that this Honorable Court dismiss Plaintiffs' First Amended Complaint and award Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.

s/ Laura Bailey Brown
Carlito H. Young (P61863)
Laura Bailey Brown (P79742)
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
cyoung@rsjalaw.com

DATED: November 20, 2018    lbrown@rsjalaw.com

## AFFIRMATIVE DEFENSES

Defendants, for their Affirmative Defenses, state as follows:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs' claims are not ripe for review.

3. Plaintiffs have failed to mitigate their damages.

4. Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

5. Defendants are entitled to a set-off from any collateral sources from which Plaintiffs receive recovery.

6. Plaintiffs are barred from maintaining this action by the doctrines of laches, waiver, release, estoppel, and unclean hands.

7. Plaintiffs failed to join all necessary parties and claims.

8. Plaintiffs' claims are barred by governmental immunity.

9. Plaintiffs' claims are barred by qualified immunity.

10. Plaintiffs fail to state a claim for municipal liability.

11. Plaintiffs' claims are barred to the extent they failed to exhaust their administrative remedies and/or other post-deprivation procedures.

12. Legitimate, non-discriminatory, non-retaliatory reasons existed supporting Defendants' conduct.

13. The proximate cause of any and all injuries suffered by Plaintiffs is the result of their own contributory and/or comparative negligence.

14. Plaintiffs have failed to allege or establish a deprivation of a constitutional right and or a protected right or interest.

15. At no time did Defendants violate clearly establish statutory or constitutional rights of Plaintiffs of which any reasonable person should have known.

16. Plaintiffs were not deprived of life, liberty, or property.

17. Plaintiffs were afforded all procedures due under the law.

18. Plaintiffs cannot establish a protected property or liberty interest.

19. Defendants fairly applied all existing procedures.

20. Plaintiffs' good names, reputations, honor, or integrity has not been at stake because of any action on the part of Defendants.

21. Any alleged reputational damage to Plaintiffs was not accompanied by some alteration of right or status previously recognized by state law.

22. Plaintiffs were not entitled to a name-clearing hearing.

23. Plaintiffs failed to satisfy the requirements for becoming reservists with the Village of Oxford Police Department.

24. Plaintiffs were not reservists with the Village of Oxford Police Department.

25. No false information about Plaintiffs was disseminated by Defendants.

26. Defendants reserve the right to amend their Affirmative Defenses through trial.

                                        Respectfully submitted,

                                        ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.

                                        s/     Laura Bailey Brown
                                        Carlito H. Young (P61863)
                                        Laura Bailey Brown (P79742)
                                        27555 Executive Drive, Suite 250
                                        Farmington Hills, MI 48331
                                        (248) 489-4100
                                        cyoung@rsjalaw.com
DATED:    November 20, 2018    lbrown@rsjalaw.com

# RELIANCE ON JURY DEMAND

Defendants, through their attorneys, hereby rely upon Plaintiffs' demand for a trial by jury in the above-entitled cause of action.

Respectfully submitted,

ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.

s/     Laura Bailey Brown
Carlito H. Young (P61863)
Laura Bailey Brown (P79742)
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
cyoung@rsjalaw.com
lbrown@rsjalaw.com

DATED:   November 20, 2018

## PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on November 20, 2018.

BY:  ☐ U.S. Mail          ☐ Telefacsimile
     ☐ Hand Delivered     ☐ Overnight
     ☐ Federal Express    ☒ Other: ***E-file***

s/Julie Doll