**UNITED STATES DISTRICT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRUCE MEYERS, et al.
    Plaintiffs,

v.

VILLAGE OF OXFORD, et al,
    Defendants

                                    /

Case No.: 17-cv-10623
Honorable Denise Page Hood

**MOTION**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

JOHNSON, ROSATI, SCHULTZ &
JOPPICH, P.C.
CARLITO H. YOUNG (P61863)
LAURA BAILEY BROWN (P79742)
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100 / (248) 489-1726 (F)
cyoung@jrsjlaw.com

**MOTION TO STRIKE AFFIRMATIVE DEFENSES**

NOW COMES Plaintiffs BRUCE MEYERS, KALLIE ROESNER-MEYERS, and EUGENIA CALOCASSIDES, by and through counsel, and moves to strike the affirmative defenses pursuant to FRCP 12(f) for failing to plead their affirmative defenses (**ECF No. 34, PageID #553-555**) to meet the *Twombly* standard. *Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 WL 2558015 (E.D. Mich. June 25, 2008). Additionally, with the exception of

1

Affirmative No. 2 and 3, all other remaining affirmative defenses are "insufficient defenses" pursuant to FRCP 12(f) as outlined below.

Plaintiffs, by counsel, sought concurrence with opposing counsel by email and no response was provided. See E.D. Mich. LR 7.1(a).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CONCISE STATEMENT OF THE ISSUES PRESENTED

Should the challenged affirmative defenses
be struck pursuant to FRCP 12(f)?

## CONTROLLING / APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

FRCP 12(f)

*Safeco Ins. Co. of Am. v. O'Hara Corp.*,
2008 WL 2558015 (E.D. Mich. June 25, 2008)
(copy attached)

*Johnson v. City of Saginaw*,
2018 U.S. Dist. LEXIS 169236 (E.D. Mich. 2018)
(copy attached)

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**BRIEF IN SUPPORT**

This case involves a challenge to the denial of three name-clearing hearings required under the due process protections of the Fourteenth Amendment. After this case was returned to this Court from the Sixth Circuit, *Meyers v. Village of Oxford*, 739 F.App'x 336 (6th Cir. 2018), settlement discussions were had between counsel which resulted in an extension of time to file an answer. So far, the discussions have not resulted in legal resolution. On November 20, 2018, Defendants collectively filed their answer generally denying the allegations. **ECF No. 34.** However, they also asserted 26 possible affirmative defenses. *Id.*, **PageID #553-555.** Of those pled, 24 are not sufficient to pass Rule 12(f). Moreover, the affirmative defenses have not been pled to meet the *Twombly* standard. As such, Defendants' affirmative defenses must be struck pursuant to FRCP 12(f).

**ARGUMENT**

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This motion is properly granted when "plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Operating Eng'rs Local 324 Health Care Plan*, 783 F.3d 1045, 1050 (6th Cir. 2015). Moreover, it is Plaintiffs' position that

the heightened pleading rules applicable to complaints as outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) [hereinafter the "*Twombly* standard"], apply to pleading affirmative defenses. *Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 WL 2558015 (E.D. Mich. June 25, 2008). Any assertion otherwise runs contrary to the similar pleading language of the court rule. FRCP 8(c) (defendant must plead any "matter constituting an avoidance or affirmative defense"). For purposes of this litigation, Plaintiffs take the position that Judge Cleland in *Safeco* is correct. The Court is requested to adopt the same. After all, what is good for the goose (plaintiffs) is good for the gander (defendants). Numerous courts support Plaintiffs' suggestion. *Riemer v. Chase Bank USA*, 274 F.R.D. 637, 640 fn.3 (N.D. Ill. 2011) (stating that more than one hundred federal cases have decided on whether the standard applies to affirmative defense pleading); *J&J Sports Productions, Inc. v. Mendoza-Govan*, 2011 U.S. Dist. LEXIS 47075, 2011 WL 1544886 (N.D.Cal. 2011); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) ("the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to affirmative defenses"); *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429 WHA, 2009 U.S. Dist. LEXIS 99538, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009)

("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *Tracy ex rel. v. NVR, Inc.,* No. 04-CV-6541L, 2009 U.S. Dist. LEXIS 90778, 2009 WL 3153150, at *7-8 (W.D.N.Y. Sept. 30, 2009) (striking affirmative defenses pled in simply conclusory terms, unsupported by any factual allegations, as "plainly deficient under the *Iqbal* standard"); *FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08-81536-CIV, 2009 U.S. Dist. LEXIS 74683, 2009 WL 2488302, at *2-4 (S.D. Fla. Aug. 13, 2009) (applying *Twombly* to affirmative defenses); *Teirstein v. AGA Medical Corp.*, No. 6:08cv14, 2009 U.S. Dist. LEXIS 20850, 2009 WL 704138, at *6 (E.D. Tex. Mar. 16, 2009) (affirmative defenses subject to same pleading standards as complaints and counterclaims); *Greenheck Fan Corp. v. Loren Cook Co.*, No. 08-cv-335-jps, 2008 U.S. Dist. LEXIS 75147, 2008 WL 4443805, at *1-2 (W.D. Wis. Sept. 25, 2008) (defendant's affirmative defenses, characterized as legal theories with implied elements, failed to comply with Rule 8 and failed to provide sufficient notice of the grounds for them); *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, No. 05-CV-0233-WWJ, 2008 U.S. Dist. LEXIS 83135, 2008 WL 4391396, at *1 (W.D. Tex. Sept. 22, 2008) (applying *Twombly* pleading specificity standard to affirmative defenses); *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 U.S. Dist. LEXIS

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7

42630, 2008 WL 2225668, at *2, (S.D. Fla. May 28, 2008) (citing *Twombly* as support for the proposition that a defendant must "alleg[e] facts as part of the affirmative defenses" and granting plaintiff's motion for a more definite statement); *State Farm Fire & Cas. Co. v. Electrolux Home Prods., Inc.*, 2011 WL 133014 (N.D. Ill. Jan. 14, 2011); *United States v. Quadrini*, No. 2:07-CV-13227, 2007 U.S. Dist. LEXIS 89722, 2007 WL 4303213, at *3-4 (E.D. Mich. Dec. 06, 2007) (applying heightened pleading standard to defendants in pleading affirmative defenses); *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D. Ill. 2015) ("While the Seventh Circuit has not addressed whether the *Twombly–Iqbal* standard applies to affirmative defenses, judges in this district have generally found these requirements to apply"); *Monster Daddy LLC v. Monster Cable Prods., Inc.*, No. 6:10-1170-HMH, 2010 WL 4853661, at *8 (D.S.C. Nov. 23, 2010) ("The court is persuaded that the pleading standard established in *Twombly* and *Iqbal* applies to affirmative defenses and adopts the majority view. Applying the plausibility standard to Monster Cable's affirmative defenses, the court finds that they are insufficiently pleaded.").

This Court should join the majority view as well, strike the affirmative defenses in ECF No. 34 as not meeting the *Twombly* standard, and order Defendants to amend their pleading and refile within a reasonable amount

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

of time. "While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-3323, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (internal quotation marks omitted)). Requiring this standard resolves the pleading everything-including-the-kitchen-sink problem in full, and prevents future discovery fights this Court has undoubtedly seen.

The root of the problem is nearly all of the over two dozen affirmative defenses were pled without an actual factual and/or legal basis. An affirmative defense is something specific—"a defendant's assertion raising *new* facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, *even if all allegations in the complaint are true*." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2nd Cir. 2003). In other words, it is when a matter is asserted by a defendant which, *assuming the claims in the complaint to be true*, constitutes a defense to a claim made by plaintiff. Not all defenses are affirmative defenses. For example, claiming a plaintiff cannot meet its own burden is not affirmative defense. Moreover, Defendants have the burden of proof of any affirmative defense raised. E.g. *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Here, Defendants have thrown into contention all sorts of what it labels as "affirmative defenses" which are not or could not be relevant affirmative defenses. They pled boilerplate, irrelevant affirmative defenses. As this District's own Judge Cleland explained, "boilerplate defenses clutter the docket and, further, create unnecessary work." *Safeco, supra.* "Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis but in an abundance of caution." *Id. Safeco* further confirmed that "Rule 15 allows for appropriate amendments and counsel should therefore feel no need in this court to window-dress pleadings early for fear of losing defenses later." *Id.* "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).[1]

---

[1] Undertaking this wasteful practice of kitchen-sinking affirmative defenses is also sanctionable. In *Gargin v. Morrell*, 133 F.R.D. 504 (E.D. Mich. 1991) from our same district, the federal judge imposed Rule 11 sanctions regarding an attorney who pled affirmative defenses which were based only upon "concern" that defenses might apply and without a then-existing factual basis. The *Gargin* Court went on to explain that "[t]he liberal amendment policy of the Federal Rules is such as to permit an amendment [to add an affirmative defense] IF DISCOVERY REVEALS FACTS WHICH WOULD SUPPORT SUCH DEFENSES." (capitalization in original).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**Affirmative Defenses Lack Factual or Legal Basis**

There is no factual or legal basis for affirmative defenses 4, 5, 6, 7, 8, 9, and 11.

### *Affirmative Defense No. 4*

Affirmative defense no. 4 claims the lawsuit is barred, in whole or in part, by the applicable statute of limitations. The disputed events occurred in 2017 and this lawsuit was filed in early 2018. Section 1983 claims from Michigan have a three-year statute of limitations. E.g. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). There is no possible legal or factual basis for this affirmative defense. The operative time frame does not exceed two years, let alone three.

### *Affirmative Defense No. 5*

Affirmative defense no. 5 seeks a set-off from any collateral sources. There are no known or pled collateral sources. Therefore, there was no legal or factual basis to make this affirmative defense. It also fails to meet the *Twombly* pleading standard.

### *Affirmative Defense No. 6*

Affirmative defense no. 6 claims suit prohibition for the "doctrines of laches, waiver, release, estoppel, and unclean hands." There is no factual or legal basis to make this collective group of affirmative defenses. This type of

laundry list approach is why the *Twombly* pleading standard should be required; the affirmative defense (collectively) fails to meet the standard or have any legal or factual basis.

### *Affirmative Defense No. 7*

Affirmative defense no. 7 claims an affirmative defense of failure to join all necessary parties and claims. All the needed parties are present and a valid plausible claim has been pled. *Meyers, supra*. There was no legal or factual basis to make this affirmative defense. It should be struck.

### *Affirmative Defense No. 8*

Affirmative defense no. 8 claims "governmental immunity." That is a state-law tort defense. See *Johnson v. City of Saginaw*, 2018 U.S. Dist. LEXIS 169236, at *9 (E.D. Mich. 2018). No state law tort claims have been asserted. See First Am. Compl., ECF No. 7. Thusly, the governmental immunity defense under state law does not apply. *Johnson, supra*, at *9.

### *Affirmative Defense No. 9*

Affirmative defense no. 9 claims qualified immunity. Qualified immunity is only available for individual capacity claims; "qualified immunity… is unavailable to… the official acting in his official capacity." *Everson v. Leis*, 556 F.3d 484, 501 fn.7 (2009)(citing *Hall v. Tollett*, 128 F.3d 418, 430 (6th Cir. 1997)). The Sixth Circuit affirmed dismissal of the individual capacity

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

claims and remanded all official capacity claims, *Meyers v. Village of Oxford*, 739 F.App'x 336, 342 (6th Cir. 2018), therefore the affirmative defense is not applicable.

### *Affirmative Defense No. 11*

Affirmative defense no. 11 claims there has not been exhaustion of administrative remedies and/or other post-deprivation procedures. Exhaustion is not required for Section 1983 claims. *Felder v. Casey*, 487 U.S. 131, 147 (1988); *Patsy v. Bd. of Regents for Florida*, 457 U.S. 496, 500-501, 516 (1982); *Monroe v. Pape*, 365 U.S. 167, 183 (1971). Thusly, the affirmative defense is not applicable.

### Not Affirmative Defenses At All

Moreover, many of the vaguely pled affirmative defenses are not affirmative defenses at all. This type of assertion is nothing more than Defendants claiming Plaintiffs not having proved essential element(s) of a claim and is not an affirmative defense, and should be stricken. *Johnson, supra*, at *10. "An assertion that Plaintiff has not proved essential elements of [a] claim is not an affirmative defense and should be stricken." *Id.,* at *9 (citing *Roe v. City of San Diego*, 289 F.R.D. 604, 612 (S.D. Cal. 2013) and *Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D.Ill. 2015)).

Therefore, affirmative defenses no. 1, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 should be struck.

Lastly, affirmative defense no. 26 asserts that "Defendants reserve the right to amend their Affirmative Defenses through trial." This reservation is improper because it subverts Federal Rule of Procedure 15, which allows a party to move for leave to amend a responsive pleading should the need arise. *Johnson, supra*, at *10-11. It too should be struck.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to enter an order striking the affirmative defenses for failing to be pled to meet the *Twombly* standard and also for all the alternate reasons outlined by the above-briefing.

Date: November 20, 2018

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
PHILIP L. ELLISON (P74117)
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on date stated below, I filed the foregoing document with the ECF/CM system which will serve an email copy of the same to all counsel of record (at their email address of record) on the date stated below.

Date: November 20, 2018

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Attorney for Plaintiff