UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE MEYERS,
KALLIE ROESNER-MEYERS,
and EUGENIA CALOCASSIDES,

    Plaintiffs,

v.

Case No. 17-cv-10623
HON. DENISE PAGE HOOD

VILLAGE OF OXFORD, a Michigan
home-rule village; JOE YOUNG,
in his personal and official capacity
as Village Manager of the Village
of Oxford; SUE BOSSARDET, in her
personal and official capacity as President
of the Village of Oxford; and MICHAEL
SOLWOLD, in his official capacity only
as Acting Police Chief of the Village of
Oxford; ROBERT CHARLES DAVIS, in his
personal and official capacity as an administrative
officer (Village Attorney) of the Village of Oxford,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES [#35]

## I.  INTRODUCTION

Plaintiffs filed this cause of action on February 17, 2017, alleging that Defendants violated their procedural due process rights under the Fourteenth

Amendment. Plaintiffs filed an Amended Complaint on March 8, 2017. In lieu of an Answer to the Amended Complaint, Defendants filed a motion to dismiss. On August 31, 2017, the Court granted Defendants' motion to dismiss because Plaintiffs were volunteer reserve police officers. The Sixth Circuit reversed and remanded the case to this Court, holding that Plaintiffs had a liberty interest for which they were entitled to a name-clearing hearing. The case was remanded to this Court on October 12, 2018.

On November 20, 2018, Defendants timely filed an Answer to the Amended Complaint with Affirmative Defenses. Dkt. No. 34. Plaintiffs promptly filed a Motion to Strike Defendants' Affirmative Defenses ("Motion to Strike"). Dkt. No. 35. Defendants filed a response to the Motion to Strike, to which Plaintiffs replied. For the reasons that follow, the Motion to Strike is granted in part and denied in part.

**II. BACKGROUND**

Plaintiffs brought this case after being "removed from their role[s] as reserve officer[s]" by the Defendants on January 10, 2017. Dkt. No. 7. Pg. ID 59. Plaintiffs' three-count Amended Complaint includes the following claims: (1) violation of Procedural Due Process rights under the Fourteenth Amendment for denial of a name clearing hearing against Defendants Joe Young, Sue Bossardet, and Robert Charles Davis; (2) violation of Procedural Due Process rights under the Fourteenth

Amendment for denial of a name clearing hearing against Defendant Village of Oxford; and (3) Declaratory Relief against all Defendants.

As stated by the Sixth Circuit:

> The following facts are set forth in the amended complaint and accepted as true for purposes of [this Order]. *See Crosby v. Univ. of Ky.*, 863 F.3d 545, 549 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 741 (2018) (citing *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016)). [Plaintiffs] served as reserve officers—a volunteer position—for the Village of Oxford Police Department. Foreseeing a need for additional patrols, then-Police Chief Michael Neymanowski took steps to create a horse-mounted unit, of which [Plaintiffs] would be members.[1] On September 15, 2016, Neymanowski sent a letter to the organizers of the Mounted Police Colloquium stating:
>
>> My agency is in the process of creating the first Police Reserve Officer[s] Horse Mounted Unit. The members of this Mounted Unit will consist of Officers Kallie Roesner, Dr. Bruce Meyers and Eugenia Calocassides. It would be an honor to have them represent the Oxford Village Police Department for your upcoming Mounted Police Colloquium.[2]
>
> Around this time, the Village Manager obtained liability insurance for the horse-mounted unit.
>
> [Plaintiffs] participated in the Mounted Police Colloquium as representatives of the Village of Oxford and were successful in several competitions. At the Oxford Village Council's October 11, 2016 meeting, Neymanowski "presented [Plaintiffs] to the Village Council as members of the Village's new Reserve Officer[s] Horse Mounted Unit," and the Council "publicly expressed gratitude and approval of [Plaintiffs'] activities."
>
> [Plaintiffs] then joined the Michigan Multi-Jurisdictional Mounted Police Drill Team, again representing the Village of Oxford. When the

> Multi-Jurisdictional Team was unexpectedly invited to be a part of the inauguration parade and ceremonies for then-President-elect Trump, Neymanowski confirmed in a letter to the Multi-Jurisdictional Team that [Plaintiffs] would participate, and [Plaintiffs] "eagerly prepared . . . themselves and their horses to represent the Village of Oxford and its police department" at the inauguration. After a local newspaper reported [Plaintiffs'] anticipated involvement in the inaugural festivities, however, Village Council members "became unglued by this news" and proceeded at their next meeting to question [Plaintiffs'] "reputation, good name, honor, and integrity . . . even to the point of accusing [Plaintiffs] of violating the penal law by impersonating police officers." The Council then voted to remove [Plaintiffs] as reserve officers and to issue communications disavowing any Council approval or authorization of the horse-mounted unit. [Plaintiffs] were not provided notice and a hearing prior to the Council's actions, nor did they receive a name-clearing hearing upon request. They sued the Village of Oxford, Village Manager Joe Young, Village Attorney Robert Charles Davis, Village President Sue Bossardet, and acting Village Police Chief Michael Solwold, alleging violations of procedural due process under the Fourteenth Amendment.
>
> _____
>
> [1]Neymanowski's name is apparently misspelled in the amended complaint.
> [2][Plaintiffs] describe the Mounted Police Colloquium as an annual multi-day event at Kentucky Horse Park that entails "training and competitions . . . for and by police mounted units" in "equitation, jumping, crowd control, and sensory techniques."

*Meyers v. Village of Oxford*, 739 F.App'x 336, 337-38 (6th Cir. 2018).

## III. ANALYSIS

### A. Applicable Law

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

4

scandalous matter." A motion to strike an affirmative defense is properly granted when "plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). *See also Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2nd Cir. 2003) (an affirmative defense is something specific – "a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.").

As another Eastern District of Michigan Judge recently stated, there are two viewpoints regarding the specificity required when asserting an affirmative defense. *See Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-CV-14376, 2014 WL 4715532, at **2–3 (E.D. Mich. Sept. 22, 2014). In *Exclusively Cats*, the court reasoned:

> The Sixth Circuit has not yet determined whether the heightened pleading standard applicable to claims for relief also applies to affirmative defenses. Defendant cites *Lawrence v. Chabot,* a case decided before *Twombly* and *Iqbal,* in which the Sixth Circuit upheld a magistrate judge's refusal to strike affirmative defenses under the fair notice standard. 182 F. App'x 442, 456–57 (6th Cir. 2006) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense"). In this regard, the Sixth Circuit (again pre-*Twombly* and *Iqbal*) has held the affirmative defense "Plaintiffs' claims are barred by the doctrine of *res judicata*" sufficient under Rule 8(c). *Davis v. Sun Oil Co.,* 148 F.3d 606, 612 (6th Cir. 1998). Defendant maintains that, in the absence of Sixth Circuit guidance to the contrary, *Lawrence* still controls. *See Hahn v. Best Recovery Servs., LLC,* No. 10–12370, 2010

WL 4483375, at *2 (E.D. Mich. Nov. 1, 2010).

Another Sixth Circuit case, *Montgomery v. Wyeth,* 580 F.3d 455, 467–68 (6th Cir. 2009), lends support to defendant's position. In *Montgomery,* decided after both *Twombly* and *Iqbal,* the court held that "[t]he Federal Rules of Civil Procedure do not require a heightened pleading standard for a statute of repose defense." *Montgomery,* 580 F.3d at 468. The court went on to cite Rule 8(b)(1)'s requirement that a party "state in short and plain terms its defenses to each claim," as well as the fair notice standard in *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Montgomery,* 580 F.3d at 468.

District courts in this Circuit are divided over the application of *Twombly* and *Iqbal* to affirmative defenses. *Compare, e.g., Safeco,* 2008 WL 2558015,[1] at *1 (applying *Twombly* standard to affirmative defenses) with *Int'l Outdoor, Inc. v. City of Southgate,* No. 11–14719, 2012 WL 2367160, at *7–9 (E.D. Mich. Apr. 6, 2012) (declining to apply *Twombly* and *Iqbal* to affirmative defenses and citing cases). The primary reasons courts give for applying the heightened standard to affirmative defenses are the desirability of avoiding unnecessary discovery costs and the similarity in language between Rules 8(a) and 8(b). *See HCRI TRS Acquirer, LLC v. Iwer,* 708 F.Supp.2d 687, 690–91 (N.D. Ohio 2010).

Courts declining to apply the heightened pleading standard to affirmative defenses have tended to focus on the difference in language of Rules 8(a) and 8(b), or on the fact that the holdings in *Twombly* and *Iqbal* were limited to Rule 8(a). As to language, Rule 8(a) requires a "short and plain statement of the claim *showing* the pleader is entitled to relief" (emphasis added), while Rule 8(b) only requires a statement "in short and plain terms" of "defenses to each claim." *See Iqbal,* 556 U.S. at 679 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief"

---

[1] Plaintiffs extensively rely on *Safeco* in arguing that affirmative defenses need to be pleaded in compliance with *Twombly* and *Iqbal*. *See* Dkt. No. 35, PgID 562-66 (citing *Safeco Ins. Co. of America v. O'Hara*, 2008 WL 2558015 (E.D. Mich. June 25, 2008)). Plaintiffs also cite numerous other cases in which courts have reached the same conclusion as the *Safeco* court. *See* Dkt. No. 35, PgID 562-64.

> (internal quotation marks omitted)). Moreover, as at least one other decision in this district has pointed out, Rule 8(c) governs affirmative defenses and contains no language similar to that in Rule 8(a). *First Nat. Ins. Co. of America v. Camps Servs., Ltd.,* No. 08–12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009).
>
> In sum, controlling Sixth Circuit law and the language of the applicable rules weigh against application of *Twombly* and *Iqbal*'s heightened pleading standard to defendant's affirmative defenses here. The policy rationale of containing discovery costs, while undeniably important, is not enough to tip the scales in the other direction. The Court will therefore apply the fair notice pleading standard in determining whether defendant's affirmative defenses merit a more definite statement under Rule 12(e) or striking under Rule 12(f).

*Exclusively Cats*, 2014 WL 4715532, at **2–3 (emphasis in original). For the same reasons espoused by the *Exclusively Cats* court, this Court is persuaded that it is most appropriate to apply the fair notice pleading standard when determining whether Defendants sufficiently pleaded their affirmative defenses.

**B.     Analysis**

Although there are some exceptions, it is generally understood that the failure to allege an affirmative defense in the first responsive pleading may result in a waiver of the defense. *See Horton v. Potter*, 369 F.3d 906, 911-12 (6th Cir. 2004). The purpose of such a general rule is to "give the opposing party notice of the affirmative defense and a chance to rebut it." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F2d 1439, 1445 (6th Cir 1993). Thus, at the outset of a case, without the luxury of time or the benefit of discovery, defendants are required to plead all of their affirmative

7

defenses or risk waiving those that are not pled along with the answer. *See Paducah River Painting, Inc. v. McNational, Inc.*, 2011 WL 5525938, at *2 (W.D. Ky. Nov. 14, 2011); *Lane v. Page*, 272 F.R.D. 581, 596 (D.N.M. 2011) ("Plaintiffs can prepare their complaints over years, limited only by the statute of limitations, whereas defendants have only twenty-one days to file their answers."). Taking those considerations into account, the Court now turns to Plaintiffs' challenges to Defendants' affirmative defenses.

The Court first declines to adopt Plaintiffs' argument that all of Defendants' affirmative defenses should be stricken for failure to meet the *Twombly* standard. As stated above, the Court concludes that the fair notice pleading standard governs this case. The Court finds that each of Defendants' 26 affirmative defenses gives Plaintiffs fair notice of the defenses asserted by Defendants.

### A. Affirmative Defenses 1, 10, and 12-25

The Court next rejects Plaintiffs' assertion that Defendants' affirmative defenses 1, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 (1, 10, and 12-25) should be struck because they are not "affirmative defenses" at all. Plaintiffs claim that those "vaguely pled affirmative defenses" should be stricken as nothing more than claims that Plaintiffs have not "proved essential element(s) of a claim . . ." Dkt. No. 35, PgID 569. Plaintiffs rely on *Johnson v. City of Saginaw*, 2018 U.S. Dist.

LEXIS 169236, at *9 (E.D. Mich. Aug. 30, 2018) (citations omitted) ("An assertion that Plaintiff has not proved essential elements of [a] claim is not an affirmative defense and should be stricken."). Plaintiffs do not otherwise offer any specific analysis with respect to how or why any of Defendants' affirmative defenses 1, 10, or 12-25 are deficient.

Rule 8(c) requires a defendant to affirmatively state in its answer "any avoidance or affirmative defense, including: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver." Contrary to Plaintiffs' suggestion, the Court concludes that the list of affirmative defenses in Rule 8(c) is not exhaustive. *See, e.g., Sony/ATV Music Publishing LLC v DJ Miller Music Distributors, Inc.,* 2011 WL 4729811, at *14 (M.D. Tenn. 2011); F.R.Civ.P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, *including* ..." (emphasis added)).

As Defendants are not limited to the avoidance and affirmative defenses identified in Rule 8(c) and Plaintiffs have not explained how any of Defendants' affirmative defenses 1, 10, and 12-25 are deficient, the Court DENIES Plaintiffs' request to strike affirmative defenses 1, 10, and 12-25.

9

## B. Affirmative Defenses 4-9 and 11

Plaintiffs assert that Defendants' affirmative defenses 4, 5, 6, 7, 8, 9, and 11 lack any factual or legal basis. Defendants concede that affirmative defense 4 (statute of limitations) is not warranted at this time, and they have agreed to withdraw it. Accordingly, the Court will grant Plaintiffs' Motion to Strike as to affirmative defense 4.

Affirmative defense 5 seeks a set-off from any collateral sources. Plaintiffs contend that there are no known or pled collateral sources, so there is no legal or factual basis to make this affirmative defense. Affirmative defense 6 relies upon the "doctrines of laches, waiver, release, estoppel, and unclean hands." Plaintiffs argue there is no factual or legal basis to make this collective group of affirmative defenses.

Affirmative defense 7 is that Plaintiffs failed to join all necessary parties and claims. Plaintiffs assert that all necessary parties are present and that they have pleaded a valid plausible claim, such that there is no legal or factual basis to make this affirmative defense. Affirmative defense 8 is based on "governmental immunity," which Plaintiffs contend is a state-law tort defense. *See Johnson*, 2018 U.S. Dist. LEXIS 169236, at *9 (citation omitted). Plaintiffs represent that no state-law tort claims have been asserted, so the governmental immunity defense does not apply.

Affirmative defense 9 asserts qualified immunity. Plaintiffs argue that qualified

immunity is only available for individual capacity claims, as "qualified immunity… is unavailable to… the official acting in his official capacity." *Everson v. Leis*, 556 F.3d 484, 501 fn.7 (6th Cir. 2009) (citing *Hall v. Tollett*, 128 F.3d 418, 430 (6th Cir. 1997)). As the Sixth Circuit affirmed dismissal of the individual capacity claims and remanded all official capacity claims in this case, *see Meyers v. Village of Oxford*, 739 F.App'x 336, 342 (6th Cir. 2018), Plaintiffs state that the qualified immunity defense is not applicable to Defendants.

In affirmative defense 11, Defendants claim that Plaintiffs have not exhausted administrative remedies and/or other post-deprivation procedures. Plaintiffs contend that exhaustion is not required for Section 1983 claims, *Felder v. Casey*, 487 U.S. 131, 147 (1988); *Patsy v. Bd. of Regents for Florida*, 457 U.S. 496, 500-501, 516 (1982); *Monroe v. Pape*, 365 U.S. 167, 183 (1971), and the exhaustion defense is not applicable.

Defendants counter that affirmative defenses 5-9 and 11 are properly pleaded because the positions raised in them: (a) are self-explanatory; (b) give Plaintiffs fair notice of Defendants' positions; and (c) no additional facts are necessary to sufficiently plead them.

The Court finds that Defendants have ignored the fact that no state law claims were filed in this case. As set forth above, Plaintiffs' three-count Amended Complaint

includes the following claims: (1) violation of Procedural Due Process rights under the Fourteenth Amendment for denial of a name clearing hearing against Defendants Joe Young, Sue Bossardet, and Robert Charles Davis; (2) violation of Procedural Due Process rights under the Fourteenth Amendment for denial of a name clearing hearing against Defendant Village of Oxford; and (3) Declaratory Relief against all Defendants. None of these claims are based on state law, such that the governmental immunity defense relied upon by Defendants in affirmative defense 8 could apply, *see Johnson*, 2018 U.S. Dist. LEXIS 169236, at *9 (citation omitted); M.C.L. § 691.1407, and Defendants have not indicated that there is any other governmental immunity upon which they rely. The Court will grant Plaintiffs' Motion to Strike with respect to affirmative defense 8.

The Court next finds that Defendants ignore an undisputed fact in this case, a fact of which the Court can take judicial notice: the Sixth Circuit has dismissed all individual capacity claims against Defendants. *See Meyers*, 739 F.App'x at 342. As qualified immunity applies only with respect to claims for which a defendant may be personally liable, *Everson*, 556 F.3d at 501 n.7, qualified immunity is now an insufficient and immaterial defense to the remaining official capacity claims. Accordingly, the Court will grant Plaintiffs' Motion to Strike with respect to affirmative defense 8.

The Court is not persuaded that affirmative defenses 5-7 and 11 should be stricken. To the extent that Plaintiffs argue there is no factual basis for affirmative defenses 5-7 and 11, the Court declines Plaintiffs' argument. Plaintiffs had time to ascertain information before filing their Complaint and their Amended Complaint, but at this stage of the proceedings, discovery has not commenced. The facts relevant to affirmative defenses 5-7 and 11 are not known to Defendants, even if they may be known to Plaintiffs, so striking such defenses for lack of a factual basis is unwarranted. *See, e.g., Paducah River Painting*, 2011 WL 5525938, at *2. And, a motion to strike an affirmative defense is properly granted only when "plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Local 324 Health Plan*, 783 F.3d at 1050. Plaintiffs' argument with respect to each affirmative defense is based on the existence or absence of certain facts. Plaintiffs do not show how any of affirmative defenses 5-7 or 11 would fail no matter what the facts are. Affirmative defenses 5-7 and 11 will not be stricken.

Accordingly, the Court GRANTS Plaintiffs' request to strike affirmative defenses 4, 7, and 8 and DENIES Plaintiffs' request to strike affirmative defenses 5-7 and 11.

C. **Affirmative Defense 26**

Plaintiffs argue that affirmative defense 26 ("Defendants reserve the right to

13

amend their Affirmative Defenses through trial") is improper because it subverts Rule 15, which requires a party to move for leave to amend if it should desire to amend its pleadings going forward. Defendants do not specifically address Plaintiffs argument regarding affirmative defense 26.

The Court concludes that Plaintiffs are correct. Affirmative defense 26 (a "reservation to assert other unnamed defenses in the future") does not give fair notice of the nature of the defense. *See United States ex rel. Robinson-Hill v. Nurses' Registry and Home Health Corp.*, 2013 WL 1187000, at *3 (E.D. Ky. Mar. 20, 2013) (citing *Lawrence*, 182 F.App'x at 456). And, absent leave of the Court (or stipulation of the parties), Defendants will not be able to amend their affirmative defenses (or any other pleadings). *See, e.g., Johnson*, 2018 U.S. Dist. LEXIS 169236, at *10-11 (citing *Paducah River Painting*, 2011 WL 5525938, at *5). Accordingly, the Court GRANTS Plaintiffs' Motion to Strike with respect to affirmative defense 26.

## IV. CONCLUSION

Accordingly, and for the reasons stated above,

IT IS ORDERED that Plaintiffs' Motion to Strike Affirmative Defenses [Dkt. No. 35] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendants' Affirmative Defenses 4, 7, 8, and 26 are STRICKEN.

IT IS FURTHER ORDERED that Defendants' Affirmative Defenses 1-3, 5-6, and 9-25 shall remain.

IT IS ORDERED.

Dated: February 15, 2019

s/Denise Page Hood
DENISE PAGE HOOD
CHIEF JUDGE, U.S. DISTRICT COURT