**UNITED STATES DISTRICT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| BRUCE MEYERS, et al.<br>    Plaintiffs, | Case No.: 17-cv-10623<br>Hon. Denise Page Hood |
| v. | Hon. Mag. David R. Grand |
| VILLAGE OF OXFORD, et al,<br>    Defendants | **RESPONSE** |

_____/

| | |
|---|---|
| OUTSIDE LEGAL COUNSEL PLC<br>PHILIP L. ELLISON (P74117)<br>Attorney for Plaintiffs<br>PO Box 107<br>Hemlock, MI 48626<br>(989) 642-0055<br>(888) 398-7003 - fax<br>pellison@olcplc.com | JOHNSON, ROSATI, SCHULTZ &<br>JOPPICH, P.C.<br>CARLITO H. YOUNG (P61863)<br>LAURA BAILEY BROWN (P79742)<br>Attorney for Defendants<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI 48331<br>(248) 489-4100 / (248) 489-1726 (F)<br>cyoung@jrsjlaw.com |

**RESPONSE TO MOTION TO COMPEL DISCOVERY**

NOW COMES Plaintiffs, by counsel, and is surprised to see the filing of the motion to compel. The parties, by counsel, are acutely aware that this case involves an award of attorney fees and comes to this Court on remand from the Sixth Circuit's reversal of dismissal under Rule 12(b)(6), with substantial already-incurred attorney fees. *Meyers v. Village of Oxford*, 739 F. App'x 336, 337 (6th Cir. 2018). Counsels thusly engaged each other to try to see if early mediation could be attempted to resolve the case without the

1

need to compile costly discovery responses. Twice, the undersigned's office has contacted this Chambers' staff about pushing up the mediation with Magistrate Grand before June 5, 2019. This Court was willing to do so if the presiding federal judge found it to be acceptable. It then took time to work with the federal judge's chambers to obtain approval. Once that happened, the undersigned later returned back to this Court and found that what seems to be a new case manager who had no knowledge of the assigned federal judge prior-approving the same. Through a series of calls-and-wait, the mediation sadly never got rescheduled earlier than June 5, 2019. Undisputedly, discovery time is running out quickly. Defendants, by counsel, are reasonably concerned with getting their discovery answers provided before discovery closes. That is eminently sensible. However, the motion to compel was not directly conversed about before it was filed and, had it been, the work of responding to discovery would have commenced to render the need for even the filing of this motion moot. Previously Plaintiffs received, reviewed the case matters in full, and fully responded to 78 requests to admit (which are not being challenged), so it is not a matter of simply being unmindful or undertaking gamesmanship. See **Exhibit A**. Instead, the matter comes to this Court on the reduced amount of discovery time left on a relatively simple case. The delay in answering was not to torch the other side

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

but simply because they were put on the backburner who expectations of mediation and settlement. And perhaps it still will at the June 5, 2019 mediation forthcoming. As such, Plaintiffs respectfully request until May 30, 2019 to respond (or offer proper objections) to the requests and would have no objection to an order securing peace of mind for the Defendants of the same.[1]

As a final note which involves the scope of the requests, Defendants are misunderstanding the nature of this case. This case is not a wrongful discharge case or whistleblower case. Plaintiffs were volunteer reserve officers of the Horse Mounted Unit with the Village of Oxford. Their lawsuit seeks relief for a narrow but substantial wrong—the denial of 14th Amendment name-clearing hearings. The Due Process Clause of the Fourteenth Amendment provides that a person may not be deprived of "liberty… without due process of law." U.S. Const. amend. XIV. "A person's reputation, good name, honor, and integrity are among the liberty interests protected by the due process clause of the fourteenth amendment." *Chilingirian v. Boris*, 882 F.2d 200, 205 (6th Cir. 1989). "Where a person's good name, reputation, honor, or integrity is at stake because of what the

---

[1] Next week, the undersigned has a trial before the Gladwin County Circuit Court, otherwise the responses would be done even quicker.

3

government is doing to him [or her], notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). Before asserting his liberty interest claim, a plaintiff must show that he or she requested a name-clearing hearing and was denied that hearing. *Quinn v. Shirey*, 293 F.3d 315, 322 (6th Cir. 2002).

Each demanded one in 2017. **Demand Letters, ECF Nos. 7-11 and 7-12.** The lawsuit alleges, at its core, that the Village and its officials refuse to provide one. It is at these unprovided name clearing hearing that Plaintiffs' good name, reputations, and community standing will be restored. It is only because the Defendants refuse to provide them that *reputational damages* have been suffered. They have not been jobless or homeless or starved liked a whistleblower or a wrongfully fired career bureaucrat. Instead, it is simply their inability to present to the neutral, detached hearing officer who will conduct the name-clearing hearing the proper counter-facts to the statements (made by officials of the Village) made public is what is causing constitutional wrongs.

And that is on that point many of these discovery requests fail to correctly grasp. This Court (via this lawsuit) is not being called upon to decide whether or not the good names of Plaintiff *should be* cleared. All this Court is being asked to command the Defendants to undertake the hearing itself.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

4

When asked why they have not simply provided the hearings to end this lawsuit, they have no justification. See **Exhibit B, ¶1**. They also have no process to provide the constitutionally required name clearing either. *Id., ¶2.*

Given this narrow-styled claim, there will be some objections to the discovery requests as made. Plaintiffs have series relevancy concerns about the scope of the proffered requests and the invasion of their personal affairs some of the requests. For example, Request to Produce No. 1 through 11 are reasonable and proper. However, Request No. 12 seeks "any and all W-2s, 1099s, and tax returns for each Plaintiff from 2010 through the present." Request No. 18 seeks each Plaintiff's entire Facebook account from 2015 to present. These are wholly improper and irrelevant given that nature of the claim, i.e. denial of actually holding the name-clearing hearings, being sought from this Court in this case. Appropriate objections will be made in the responses. Defendants are not allowed to improperly reframe the case into something it is not. The decision on clearing the names of the Plaintiffs belong to the hearing officer of the name-clearing hearing—not this Court.

## RELIEF REQUESTED

WHEREFORE, this Court is requested to direct Plaintiffs to file their responses to the outstanding discovery by May 30, 2019 and for the parties to be prepared to mediate this case on June 5, 2019.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Date: May 16, 2019                                RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
PHILIP L. ELLISON (P74117)
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Attorney for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CERTIFICATE OF SERVICE

I hereby certify that on date stated below, I served the foregoing document by US mail to all counsel of record on the date stated below.

Date: May 16, 2019

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Attorney for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com