**UNITED STATES DISTRICT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| BRUCE MEYERS, et al.<br>    Plaintiffs,<br><br>    v.<br><br>VILLAGE OF OXFORD, et al,<br>    Defendants<br>_____ / | Case No.: 17-cv-10623<br>Honorable Denise Page Hood<br><br>**MOTION** |

| | |
|---|---|
| OUTSIDE LEGAL COUNSEL PLC<br>PHILIP L. ELLISON (P74117)<br>Attorney for Plaintiffs<br>PO Box 107<br>Hemlock, MI 48626<br>(989) 642-0055<br>(888) 398-7003 - fax<br>pellison@olcplc.com | JOHNSON, ROSATI, SCHULTZ &<br>JOPPICH, P.C.<br>CARLITO H. YOUNG (P61863)<br>LAURA BAILEY BROWN (P79742)<br>Attorney for Defendants<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI 48331<br>(248) 489-4100 / (248) 489-1726 (F)<br>cyoung@jrsjlaw.com |

**MOTION FOR ENTRY OF ORDER TO**
**ENFORCE SETTLEMENT AGREEMENT**

NOW COMES Plaintiffs BRUCE MEYERS, KALLIE ROESNER-MEYERS, and EUGENIA CALOCASSIDES, and moves to enforce the settlement entered into between the parties reached at the settlement conference held on June 5, 2019. Defendants refuse to complete matter on the grounds agreed upon. The undersigned has conferred with opposing counsel (attorney Carlito Young) over the past month-plus and no resolution

1

has been reached thereby necessitating court intervention. See E.D. Mich. LR 7.1(a).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**CONCISE STATEMENT OF THE ISSUES PRESENTED**

Should Defendants be compelled to complete
the terms of the settlement agreement?

## CONTROLLING / APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

*Brock v. Scheuner Corp.*, 841 F.2d 151 (6th Cir. 1988)

## BRIEF IN SUPPORT

This case involves a challenge to the denial of three name-clearing hearings required under the due process protections of the Fourteenth Amendment. **First Am. Compl., ECF No. 7**. The reputations of three volunteer reservists were destroyed by the actions of the Village of Oxford and its officials. *Id.* **¶36.** And there can be no dispute—the Police Chief of the Village of Oxford appointed Plaintiffs Bruce Meyers, Kallie Roesner-Meyers, and Eugenia Calocassides as reserve officers under his command. See **Exhibit E and G** (as reattached from the First Amended Complaint). They had been issued Village Police Department badges and uniforms, and served the Chief as he directed. **Exhibit A** (as reattached from the First Amended Complaint).

All Plaintiffs (with counsel) and only some of the Defendants (with their counsel) appeared at settlement conference with Magistrate David Grand on June 5, 2019 and spent the better portion of a day working through mediation. Discussions focused on the issuance of a retraction-styled joint statement together with an appropriate payment. At about 2:00p.m., the parties were at an impasse as to the amount of the payment but had agreed to a particular joint statement. The statement, as understood by the Plaintiffs, was as follows—

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

5

> Dr. Bruce Meyers, Kallie Roesner-Meyers, and Eugenia Calocassides served as Horse Mounted Unit volunteer reservists as commanded by the Village of Oxford's former Police Chief, Michael Nemanowski, from 2016 until his retirement and served at all times in good standing. All three had successfully completed prior reserve academy and met former Police Chief Nemanowski's selected qualifications for that Unit. The Unit was disbanded upon his retirement. The January 13, 2017 letter from the Village's general counsel to Dr. Meyers, Mrs. Roesner-Meyers and Mrs. Calocassides is hereby rescinded in full.

(hereinafter the "Joint Statement"). The factual assertions therein are true and can be confirmed based on objective evidence already submitted in this case. **Exhibit G** ("I am honored to approve and send *my three Mounted Officers* to the upcoming Presidential Inaugural Parade. The *officers* are: Kalley Meyers, Bruce Meyers, and Eugenia Calocassides;" as reattached from the First Amended Complaint); **Exhibit A** (Village police badge with word "Mounted" thereon; as reattached from the First Amended Complaint). The Joint Statement also properly restores the reputations of Plaintiffs by the Defendants acknowledging their proper position within the police department and fully retracting the reputationally-damaging January 13, 2017 letter referenced and complained of in the First Amended Complaint.

In an attempt to effectuate a settlement because all that was left was a dispute as to the amount of the settlement payment, Magistrate Grand self-drafted a document labelled as "Settlement Judge's Proposal" which required the payment of $75,000 and "in addition, the parties will execute the

6

statement agreed to during the settlement conference." **Exhibit P.** Because it was acceptable to Plaintiffs, they agreed to the same. *Id.* Apparently it was also acceptable to *all* the named Defendants as they accepted the same, with the exception of the single defendant Village of Oxford who conditionally added the handwritten phrase "subject to village counsel's[1] (sic) approval set for 6/11, Defense [illegible] recommends settlement as well as village management and village attorney."[2] *Id.* By all parties agreeing, it became a settlement agreement.

Since that time, Defendant Village of Oxford's Village Council has had two meetings and refuses to execute the Joint Statement. As to Defendants Joe Young (former Village Manager of the Village of Oxford or his successor pursuant to FRCP 25(d)), Sue Bossardet (President of the Village of Oxford), Michael Solwold (Acting Police Chief of the Village of Oxford) and Robert Charles Davis (Village attorney), the settlement agreement is seemingly already and clearly binding. See *D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3rd Cir. 1997). We "enforce the agreement as a

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

---

[1] It is unclear if "Village Counsel" is attorney Carlito Young or if this was a typo to mean "Village *Council*." It is seemingly the latter.

[2] If the Village Defendant did not have individuals there to authorize a settlement, it was non-compliant with this Court's prior order in sending representatives to the settlement conference without *actual* settlement authority on behalf of the Village of Oxford Defendant. **Scheduling Order, ECF No. 41, PageID #614** ("Your client(s) or representative *with full settlement authority* must be present at the above conference.").

binding contract voluntarily entered by both parties." *Id.* As such, the Court is requested to enforce the settlement agreement between Plaintiffs Joe Young, Sue Bossardet, Michael Solwold, and Robert Charles Davis by commanding them to adhere to the agreement they assent to in the mediation, issue the Joint Statement, and cause payment to occur. **Exhibit P.**

As to Defendant Village of Oxford itself, the Court is requested to direct the Village Council to adopt the Joint Statement and fulfill the balance of the settlement agreement. The Village Council has, post-mediation, improperly attempted to draft a different statement which is not what the parties agreed upon because, it appears, what was agreed to in mediation is not *now* what the Village Council politically wants. Their proposed statement attempts to avoid and renegotiate the affirmation that Plaintiffs were, in fact, mounted reserve officers (contrary to evidence like Exhibit G) and instead wants to relegate them to nothing more than something akin to "ceremonial" private citzens. Such a statement is explicitly untrue and expressly defeats the very purpose of the Joint Statement—to properly restore the good name, honor, and dignity of Dr. Meyers, Mrs. Roesner-Meyers and Mrs. Calocassides as the Chief's "three Mounted Officers." **Exhibit G.** Intervention of the Court is needed.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## MEMORANDUM OF LAW

It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). A federal court possesses this power even if that agreement has not been reduced to writing. Id. Before enforcing settlement, the district court must conclude that agreement has been reached on all material terms. The court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to enter an order to enforce the Settlement Agreement as discussed herein.

Date: July 23, 2019     RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
PHILIP L. ELLISON (P74117)
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Attorney for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on date stated below, I filed the foregoing document with the ECF/CM system which will serve an email copy of the same to all counsel of record (at their email address of record) on the date stated below.

Date: July 23, 2019

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Attorney for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com