UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

BRUCE MEYERS; KALLIE
ROESNER-MEYERS and
EUGENIA CALOCASSIDES,

Case No. 17-cv-10623
Hon. Denise Page Hood

    Plaintiffs,

v

VILLAGE OF OXFORD, a Michigan home-rule
village, JOE YOUNG, in his personal and official
capacity as Village Manager of the Village of
Oxford; SUE BOSSARDET, in her personal and
official capacity as President of the Village of Oxford;
and MICHAEL SOLWOLD, in his official capacity
only as the Acting Police Chief of the Village of Oxford;
ROBERT CHARLES DAVIS, in his personal and official
capacity as an administrative officer (Village Attorney)
of the Village of Oxford,

    Defendants.
_____

| | |
|---|---|
| OUTSIDE LEGAL COUNSEL PLC | ROSATI, SCHULTZ, JOPPICH, & |
| PHILIP L. ELLISON (P74117) |   AMTSBUECHLER, P.C. |
| Attorney for Plaintiffs | CARLITO H. YOUNG (P61863) |
| P O Box 107 | LAURA BAILEY BROWN (P79742) |
| Hemlock, MI 48626 | Attorneys for Defendants |
| (989) 642-0055 / (888) 398-7003 (F) | 27555 Executive Drive, Suite 250 |
| pellison@olcplc.com | Farmington Hills, MI 48331 |
| | (248) 489-4100 / (248) 489-1726 (F) |
| | cyoung@rsjalaw.com |
| | lbrown@rsjalaw.com |

_____

# THE VILLAGE OF OXFORD'S RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT

## COUNTER-STATEMENT OF FACTS

First and foremost, undersigned defense counsel apologizes for wasting the Court's time with this motion. This is especially true in light of the fact the parties extensively negotiated the settlement at issue before Magistrate Judge Grand on June 5, 2019 ("June 5th") and assured the Magistrate during a July 12, 2019 ("July 12th") conference call that we would find an adequate resolution for the few words precluding the full resolution of this matter. In fact, based on the attorneys' July 12th discussion with Magistrate Grand, it was understood the parties would return before Magistrate Grand to further discuss the matter if they could not resolve the dispute. Nonetheless, despite this understanding and the overall good working relationship with Plaintiffs' legal counsel, Plaintiffs are now forcing the Court to expend its valuable time and resources on a matter that should have been completed weeks ago.

During the June 5th settlement conference with Magistrate Grand, Village representatives, which included its in-house legal counsel, Robert Davis, and Manager, Joseph Madore, participated in extensive negotiations with Plaintiffs. After almost 6 hours of good-faith negotiation, the parties agreed in principle to resolve the matter for $75,000.00, a letter of recommendation and a joint statement

describing Plaintiffs activity for the Village's former police chief. While Plaintiffs' vigorously sought to be identified as "reserve officers" during the settlement conference, the Village made it clear such a designation would not work. After overcoming this obstacle with Magistrate Grand's much needed assistance, the parties agreed to the following:

1. A proposed joint statement indicating the Plaintiffs' did not conduct any activities on behalf of the police department that were not authorized by its (former) police chief, Michael Nemanowski. The statement would also indicate the Plaintiffs performed their activities for the police department in good standing. Lastly, the statement would acknowledge, assuming Plaintiffs' provided the requisite proof, that they all met the qualifications to be reserve officers in other communities.

2. A letter of recommendation for all Plaintiffs indicating Village would recommend them to participate as ceremonial officers for horse-mounted activities in other communities.

3. An agreement to retract a January 13, 2017 letter between the Village's legal counsel and Plaintiffs' attorney. [1]

Moreover, as with the case with the majority of municipalities across the state, defense counsel and the Village representatives had to present the matter to the Village Council for final approval. As set forth in the Plaintiffs' Ex. P, the parties and Magistrate Grand agreed to the latter. Finally, it is undisputed Village representatives made it clear they would advise the Village Council to approve the

---

[1] Defense counsel will provide a copy of his notes from the June 5th settlement conference at oral arguments. The documents currently contain some of the proposed legal advice the defense counsel intended to provide the Village regarding the settlement process. As to #5, defense counsel's notes also erroneously indicate the Village's retraction of "6/13/2107" letter. The parties do not dispute the actual letter to be retracted is from January 2017.

proposed resolution, while the attorneys worked out the settlement document language. Defense counsel appeared in closed session with the Village Council on June 9, 2019 to discuss the settlement conference. Defense counsel once again appeared before the Village Council on July 9, 2019 with drafts of the proposed joint statement and letter of recommendation.

Despite several revisions of the proposed joint statement to specifically address Plaintiffs' concerns, they continue to insist on using the word "reservists" in the proposed statement. (Ex. 1, July 12, 2019 Correspondence to Magistrate Grand's Case Manager and Ex. 2, July 23, 2019 Email Correspondence between Legal Counsel). However, due to the undisputed fact Plaintiffs were never "reservists" and/or "reserve officers" at any time during the period referenced in the Complaint, the Village cannot agree to the designation Plaintiffs now seek to add to the previous agreement. (Ex. 3, Affidavit from Chief Michael Solwold).

## **LEGAL ARGUMENT**

While the Village will accept for purposes of this motion that Plaintiffs are reserve officers in other communities, it is clear none of them were actual "reservists" with the Village police department. (Ex. 3). In fact, Plaintiffs admitted they were not reserve officers during their previous discussion with the Village Council about their volunteer status. (Ex. 4, January 10, 2017 Transcript Village Meeting). Nonetheless, they insist on being labeled "reservists" now.

In order to balance Plaintiffs' baseless desire to become "reservists" and the Village's desire not to make a false statement regarding their previous arrangement with its former police chief, the parties agreed to the use of the terms "ceremonial horse-mounted unit" during their settlement conference with Magistrate Grand. Additionally, after further discussing the matter with Magistrate Grand on July 12th, the attorneys agreed to persuade their respective clients to overcome their differences regarding the statement's problematic language. As to the Village, it reluctantly agreed to change the original proposed joint statement to include the term "volunteer," as well as, limit the use of "ceremonial" to further describe Plaintiffs' limited relationship with the police department. However, while the Village is willing to acknowledge Plaintiffs' alleged reserve status in other communities, it will not agree to a false statement about Plaintiffs' previous status with its police department. Simply put, the Village will not, nor would it have agreed to, any term that would have given Plaintiffs a title they admittedly never had while volunteering for the police department. (Ex. 4). Finally, unlike the term "reservists," the words "volunteer," "ceremonial" and "horse-mounted unit" are truthful representations of Plaintiff's prior relationship with the Village.

In light of the foregoing, the Village would ask that the Court deny Plaintiffs' last-minute attempts to add the term "reservist" specifically rejected at the June 5th settlement conference. Instead, the Village requests that the Court

5

enforce the terms of the settlement with the proposed joint statement set forth in the final draft defense counsel edited and provided Plaintiffs' counsel on July 23, 2019 attached to Ex. 2.[2]  It is the Village's position the July 23rd version correctly addresses issues the attorneys discussed with Magistrate Grand on June 5th and July 12th and is the most truthful representation of Plaintiffs' previous relationship with the Village's police department.  If the Court simply denies Plaintiffs' motion, we would ask the Court to return the matter to Magistrate Grand to address the single word prohibiting resolution and/or make a decision on the Village's still pending motions requesting discovery from Plaintiffs that were tabled to focus on resolution.

        Respectfully submitted,
        ROSATI, SCHULTZ  JOPPICH
        & AMTSBUECHLER, P.C.

        /s/ Carlito H. Young
        Carlito H. Young (P61863)
        Laura Bailey Brown (P79742)
        Attorney for Defendants
        27555 Executive Drive, Suite 250
        Farmington Hills, MI 48331
        (248) 489-4100
        cyoung@rsjalaw.com
        lbrown@rsjalaw.com

Dated:  August 6, 2019

---

[2] Opposing counsel filed this motion before indicating whether he would accept the "track changes" set forth in the Village's final proposed Joint Statement.  Based on the motion, the Village assumes Plaintiffs' rejected the final proposed changes, which reduced the term "ceremonial" to a single use in both the Joint Statement and proposed Letter of Recommendation. (Ex. 2).

PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on August 6, 2019.

BY: ☐ U.S. Mail ☐ Telefacsimile
☐ Hand Delivered ☐ Overnight
☐ Federal Express ☒ Other: *E-file*

/s/    Dawn Hallman