**UNITED STATES DISTRICT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRUCE MEYERS, et al.
    Plaintiffs,

    v.

VILLAGE OF OXFORD, et al,
    Defendants

_____/

Case No.: 17-cv-10623
Honorable Denise Page Hood

**MOTION**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

JOHNSON, ROSATI, SCHULTZ &
JOPPICH, P.C.
CARLITO H. YOUNG (P61863)
LAURA BAILEY BROWN (P79742)
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100 / (248) 489-1726 (F)
cyoung@jrsjlaw.com

**MOTION TO REQUIRE PARTICIPATION OF ALL MEMBERS OF**
**THE VILLAGE COUNCIL AT SETTLEMENT CONFERENCE**
**OR GRANT SUCH ALTERNATIVE RELIEF AS PROPOSED**

NOW COMES Plaintiffs BRUCE MEYERS, KALLIE ROESNER-MEYERS, and EUGENIA CALOCASSIDES, by counsel, and moves for entry of an order requiring the presence of all named defendants, including all current-serving members of the Oxford Village Council, at the second settlement conference set to be undertaken on October 23, 2019 at

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

1

9:30a.m.[1] **Notice to Appear, ECF No. 58** (PageID.788). In the alternative, the Court is requested to enforce and confirm the prior directive requiring the presence of representatives with **_full settlement authority_**. **_Id._**

As revealed by the prior motion practice, the parties had reached a settlement for which the representatives of the Defendants indicated that the settlement agreement was "subject to Village Counsel's (sic Council's) final approval set for June 11, defense *will recommend settlement* as well as village management and village attorney." **Exhibit P.** However, at the June 11, 2019 meeting, the Village Council _never_ voted on the settlement agreement. The Village Council instead cryptically voted to "follow _the strategy_ discussed in closed session with the attorney and schedule a Special Meeting for any future action if necessary." **Exhibit Q**. As such, it cannot be stated that the agreement was accepted or rejected, and there has been no presented proof that the village management and village attorney actually recommended adoption of the prior settlement.

This Court previously ordered that "client(s)" or "client representative(s) _with full settlement authority_ must attend the settlement conference in person." **Notice of Settlement Conference, ECF No. 43** (PageID.616). All

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

---

[1] Plaintiffs' counsel sought concurrence for the presence of all Council members at the settlement conference and the relief was declined. See E.D. Mich. LR 7.1.

three Plaintiffs attended, in person, as ordered. However, Defendants disobeyed that directive by previously sending representatives *without full* settlement authority or otherwise failed to have present those with full decision-making capacity at the settlement conference. See **Exhibit P** (requiring contingent approval). It is Plaintiffs' understanding that the same "strategy" will be undertaken again on October 23rd before Magistrate Grand—sending representatives without *full* settlement authority. We have now seen the results of that failure to send fully empowered decisionmakers—a public body that later neither votes to approve or reject a settlement presentation, thwarts case resolution, and instead decides to "follow the strategy discussed." **Exhibit Q.**

As such, this Court is requested to direct *all defendants* and all members of the Village Council to *actually* appear for settlement conference. Having the actual decision-makers be present and fully participate will *this time* ensure a proper, full, and complete settlement is reached and placed on the record as directed by this Court. **Order, ECF No. 56** (PageID.786) ("To the extent a resolution is accomplished during any conference or proceeding before Magistrate Judge Grand, the Court directs the parties to place the resolution on the record."). To the extent that particular defendants wish to send a representative as an alternative, the Court is requested to

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

direct such defendant to send a representative with fully, complete, and documented settlement authority (i.e. present the magistrate with a written and signed authorization). For the Village defendant, that necessary documentation will required an affirmatively passed prior-adopted resolution by the Village Council giving that person full settlement authority so that the parties, upon successful resolution, can place a full, binding, and non-contingent settlement upon the record. Plaintiffs desire to resolve this case in full without the need of further approvals by persons or officials not present on October 23, 2019.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## BRIEF IN SUPPORT

A settlement conference is a pre-trial conference. FRCP 16(c)(2)(i). "If appropriate, the court may require that a party... be present...." FRCP 16(c)(1). In the alternative, the Court may consider the failure of Defendants to previously send a representative with full settlement authority as a violation of its order and the Court may then, as a form of sanction, to require the actual attendance of all serving members of the Oxford Village Council. See FRCP 16(f)(1)(C) (the court may issue any just orders... if a party... fails to obey a scheduling or other pretrial order."); see also *Lockhart v. Patel*, 115 F.R.D. 44 (E.D.Ky 1987) ("[t]he authority of a federal court to order the attendance of attorneys, parties, and insurers at settlement conferences and to impose sanctions for disregard of the court's orders is so well established as to be beyond doubt."). The local rules also provide authority for such relief. "At settlement conferences, all parties *must* be present." ED Mich LR 16.1(c); but see ED Mich LR 16.6 ("The court *may* require parties to be present.").

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to enter an order to require the attendance of all defendants and all currently-serving members of the Oxford Village Council to attend and participate in the second settlement conference set to occur on October 23, 2019 at 9:30am before Magistrate

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Grand, or to alternately to send representatives with full settlement authority

and to prove such authority with written documentation.

Date: October 2, 2019          RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
PHILIP L. ELLISON (P74117)
OUTSIDE LEGAL COUNSEL PLC
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Attorney for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on date stated below, I filed the foregoing document with the ECF/CM system which will serve an email copy of the same to all counsel of record (at their email address of record) on the date stated below.

Date: October 2, 2019                RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com

Attorney for Plaintiffs

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com