UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

BRUCE MEYERS; KALLIE
ROESNER-MEYERS and
EUGENIA CALOCASSIDES,

    Case No. 17-cv-10623
    Hon. Denise Page Hood
    Mag. Judge David R. Grand

    Plaintiffs,

v

VILLAGE OF OXFORD, a Michigan home-rule
village, JOE YOUNG, in his personal and official
capacity as Village Manager of the Village of
Oxford; SUE BOSSARDET, in her personal and
official capacity as President of the Village of Oxford;
and MICHAEL SOLWOLD, in his official capacity
only as the Acting Police Chief of the Village of Oxford;
ROBERT CHARLES DAVIS, in his personal and official
capacity as an administrative officer (Village Attorney)
of the Village of Oxford,

    Defendants.

---

| | |
|---|---|
| OUTSIDE LEGAL COUNSEL PLC<br>PHILIP L. ELLISON (P74117)<br>Attorney for Plaintiffs<br>P O Box 107<br>Hemlock, MI 48626<br>(989) 642-0055 / (888) 398-7003 (F)<br>pellison@olcplc.com | ROSATI, SCHULTZ, JOPPICH &<br>AMTSBUECHLER, P.C.<br>CARLITO H. YOUNG (P61863)<br>LAURA BAILEY BROWN (P79742)<br>Attorneys for Defendants<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI 48331<br>(248) 489-4100 / (248) 489-1726 (F)<br>cyoung@rsjalaw.com<br>lbrown@rsjalaw.com |

_____

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REQUIRE PARTICIPATION OF ALL MEMBERS OF THE VILLAGE COUNCIL AT SETTLEMENT CONFERENCE OR GRANT SUCH ALTERNATIVE RELIEF AS PROPOSED

# INDEX OF AUTHORITIES

**Case**

*Booth v. University of Michigan Board of Regents*, 444 Mich 211,
   229-30, 507 NW2d 422, 429-31 (2011) ...........................................................2

**Statutes**

MCL  15. 262(a)..............................................................................................1

MCL 15.263(1) ...............................................................................................1

MCL 15.263(2) ...............................................................................................1

MCL 15.268(a-j) .............................................................................................2

MCL 15.268(e, h)............................................................................................2

MCL 15.272 ....................................................................................................2

MCL 15.273 ....................................................................................................2

Despite Plaintiffs' allegations indicating otherwise, the Village intends to provide vital components of its municipal structure at the October 23, 2019 continued Settlement Conference with Magistrate Grand. Specifically, the Village Council President, Joe Frost, Village Manager, Joe Madore, and Village Attorney Robert Davis will attend the Settlement Conference. Furthermore, the Village Council provided undersigned defense counsel authority to resolve the matter pursuant to the terms discussed in the closed session on July 11, 2019. Simply put, the Village participants have explicit authority to resolve the lawsuit at the Settlement Conference.

Moreover, Plaintiffs' request to require the attendance of the entire Village Council and require them to make a final decision at the Settlement Conference would violate state law. In particular, the Open Meetings Act ("OMA"), clearly requires the Village Council to conduct all deliberations and make any decisions regarding the Village in an open meeting. MCL 15. 262(a) and MCL 15.263(1). Additionally, unlike the closed structure of a settlement conference during pending litigation, the Village Council must conduct its meetings in a place "available to the general public." MCL 15.263(1) and (2).

Most importantly, Plaintiffs' proposal does not fit within the OMA's limited exceptions to its public deliberation and decision requirement. Particularly, Plaintiffs' request for the Village Council to make a decision outside of its

previously provided settlement authority has nothing to do with an employee's job status/performance evaluation; a student's status a public school; negotiation of a collective bargaining agreement and/or the purchase of property; employee interviews. MCL 15.268(a-j). Also, while the OMA allows the Village Council to discuss attorney client privileged material and/or litigation in closed session, it still must make any final decisions regarding the privileged discussions in an open, public meeting. MCL 15.268(e, h) and *Booth v. University of Michigan Board of Regents*, 444 Mich 211, 229-30, 507 NW2d 422, 429-31 (2011). Therefore, Plaintiffs' request for the Village Council to enter into a binding agreement on the record should the parties resolve the case at the settlement conference would be illegal and/or expose the Village to civil liability. MCL 15.272 and 15.273.

In order to adhere to state law, the Village Council requests that the Court accept the proposed Village representatives for the October 23, 2019 Settlement Conference. If the parties agree to terms during the Settlement Conference beyond the current authority granted to defense counsel, undersigned counsel will state on the record that the Village accepts the proposed terms in principle and defense counsel will present and recommend final approval to the full Village Council during a scheduled meeting regarding the matter.

## RELIEF REQUESTED

WHEREFORE, the Village Defendants request that the Court deny Plaintiffs' Motion and provide the relief requested in this Response.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/ CARLITO H. YOUNG
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
cyoung@rsjalaw.com
(P61863)

Dated:  October 16, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

s/ Paula M. Rosenthal

3